# U.S. District Court
# District of Minnesota (DMN)
# CIVIL DOCKET FOR CASE #: 0:11−cv−00474−DWF−FLN
## Internal Use Only

| | |
|---|---|
| Jesinoski et al v. Countrywide Home Loans, Inc. et al | Date Filed: 02/24/2011 |
| Assigned to: Judge Donovan W. Frank | Date Terminated: 04/19/2012 |
| Referred to: Magistrate Judge Franklin L. Noel | Jury Demand: Plaintiff |
| Demand: $611,000 | Nature of Suit: 371 Truth in Lending |
| Cause: 15:1601 Truth in Lending | Jurisdiction: Federal Question |

**Plaintiff**

**Larry D. Jesinoski**  represented by  **Michael J Keogh**
*individuals*  Keogh Law Office
PO Box 11297
St Paul, MN 55111
612−644−2861
Fax: 612−354−2533
Email: keoghlawmn@gmail.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Cheryle Jesinoski**  represented by  **Michael J Keogh**
*individuals*  (See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Countrywide Home Loans, Inc.**  represented by  **Andre T Hanson**
*subsidiary of Bank of America N.A.*  Fulbright &Jaworski LLP
*doing business as*  80 S 8th St Ste 2100
America's Wholesale Lender  Mpls, MN 55402
612−321−2800
Fax: 612−321−2288
Email: ahanson@fulbright.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronn B Kreps**
Fulbright &Jaworski
80 S 8th St Ste 2100
Mpls, MN 55402
612−321−2800
Fax: 612−321−2288
Email: rkreps@fulbright.com
*ATTORNEY TO BE NOTICED*

        **Sparrowleaf Dilts McGregor**
Fulbright &Jaworski LLP
80 S 8th St Ste 2100
Mpls, MN 55402
612−321−2800
Fax: 612−321−2288
Email: smcgregor@fulbright.com
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

| | | |
|---|---|---|
| **BAC Home Loans Servicing, LP**<br>*a subsidiary of Bank of America, N.A. A Texas Limited Partnership*<br>*formerly known as*<br>Countrywide Home Loans Servicing, L.P. | represented by | **Andre T Hanson**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Ronn B Kreps**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Sparrowleaf Dilts McGregor**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

<u>**Defendant**</u>

| | | |
|---|---|---|
| **Mortgage Electronic Registration Systems, Inc.**<br>*A Delaware Corporation* | represented by | **Andre T Hanson**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Ronn B Kreps**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Sparrowleaf Dilts McGregor**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

<u>**Defendant**</u>

**John &Jane Does 1–10**

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 02/24/2011 | <u>1</u> | | COMPLAINT against BAC Home Loans Servicing, LP, Countrywide Home Loans, Inc., John &Jane Does 1–10, Mortgage Electronic Registration Systems, Inc. ( Filing fee $ 350 receipt number 4052510.) assigned to Judge Donovan W Frank per Master list referred to Magistrate Judge Franklin L Noel, filed by Larry D. Jesinoski, Cheryle Jesinoski. (Attachments: # <u>1</u> Civil Cover Sheet) (LPH) DOCUMENTS QC'd by KT on 3/10/11. (KT) (Entered: 02/25/2011) |

| | | | |
|---|---|---|---|
| 02/24/2011 | | | Summons Issued as to BAC Home Loans Servicing, LP, Countrywide Home Loans, Inc., John &Jane Does 1–10, Mortgage Electronic Registration Systems, Inc. (LPH) (Entered: 02/25/2011) |
| 06/28/2011 | 2 | | ORDER: It appears that more than 120 days have elapsed since suit was filed and that no appearance has been entered by defendant(s). Accordingly, counsel for plaintiff is directed to: 1. Notify defense counsel immediately that he/she is required to make an appearance or move for an extension of time to do so; 2. File an application for entry of default unless the required pleading is filed within 10 days; or 3. Advise the Court in writing of any good cause to the contrary. Unless plaintiff's counsel complies with this order within 20 days of this date, this case will be dismissed for lack of prosecution. Signed by Magistrate Judge Franklin L. Noel on 6/28/11. (akl) (Entered: 06/28/2011) |
| 07/08/2011 | 3 | | LETTER TO MAGISTRATE JUDGE by Cheryle Jesinoski, Larry D. Jesinoski *re Docket no. 2*. (Keogh, Michael) (Entered: 07/08/2011) |
| 07/08/2011 | 4 | | NOTICE of Appearance by Andre T Hanson on behalf of BAC Home Loans Servicing, LP, Countrywide Home Loans, Inc., Mortgage Electronic Registration Systems, Inc.. (Hanson, Andre) (Entered: 07/08/2011) |
| 07/13/2011 | 5 | | STIPULATION *for Extension of Time to Answer or Otherwise Respond to Plaintiffs' Amended Complaint* by BAC Home Loans Servicing, LP, Countrywide Home Loans, Inc., Cheryle Jesinoski, Larry D. Jesinoski, Mortgage Electronic Registration Systems, Inc.. (Hanson, Andre) (Entered: 07/13/2011) |
| 07/18/2011 | 6 | | ORDER: BAC Home Loans Servicing, LP answer due 8/8/2011; Countrywide Home Loans, Inc. answer due 8/8/2011; Mortgage Electronic Registration Systems, Inc. answer due 8/8/2011. Signed by Magistrate Judge Franklin L. Noel on 7/18/11. (akl) (Entered: 07/18/2011) |
| 07/22/2011 | 7 | | AMENDED COMPLAINT against BAC Home Loans Servicing, LP, Countrywide Home Loans, Inc., John &Jane Does 1–10, Mortgage Electronic Registration Systems, Inc., filed by Larry D. Jesinoski, Cheryle Jesinoski. (Attachments: # 1 Exhibit(s) TIL disclosure statement, # 2 Exhibit(s) 2 copies of Notice of Right to Cancel) (Keogh, Michael) (Entered: 07/22/2011) |
| 08/22/2011 | 8 | | ANSWER to Amended Complaint by BAC Home Loans Servicing, LP, Countrywide Home Loans, Inc., Mortgage Electronic Registration Systems, Inc.. (Hanson, Andre) (Entered: 08/22/2011) |
| 08/23/2011 | 9 | | NOTICE OF INITIAL PRETRIAL CONFERENCE: (Pretrial Conference set for 10/14/2011 09:00 AM in Judge's Chambers 9W (MPLS) before Magistrate Judge Franklin L. Noel). Signed by Magistrate Judge Franklin L. Noel on 8/23/11. (Attachments: # 1 Consent Form)(akl) (Entered: 08/23/2011) |
| 10/04/2011 | 10 | | REPORT of Rule 26(f) Planning Meeting by BAC Home Loans Servicing, LP, Countrywide Home Loans, Inc., Cheryle Jesinoski, Larry D. Jesinoski, John &Jane Does 1–10, Mortgage Electronic Registration Systems, Inc..(Hanson, Andre) (Entered: 10/04/2011) |
| 10/14/2011 | 11 | | Minute Entry for proceedings held before Magistrate Judge Franklin L. Noel: Initial Pretrial Conference held on 10/14/2011. (akl) (Entered: 10/14/2011) |
| 10/18/2011 | 12 | | |

|  |  |  | SCHEDULING ORDER: (Amended Pleadings due by 12/15/2011, Discovery due by 10/1/2012, Motions (non−disp) due 11/1/2012, Motions (disp) due by 1/1/2013, Ready for trial due by 6/1/2013). Signed by Magistrate Judge Franklin L. Noel on 10/18/11. (akl) (Entered: 10/18/2011) |
|---|---|---|---|
| 10/28/2011 | 13 |  | MOTION for Judgment on the Pleadings by BAC Home Loans Servicing, LP, Mortgage Electronic Registration Systems, Inc.. (Hanson, Andre) (Entered: 10/28/2011) |
| 10/28/2011 | 14 |  | NOTICE OF HEARING ON MOTION 13 MOTION for Judgment on the Pleadings : Motion Hearing set for 2/17/2012 09:00 AM in Courtroom 7C (STP) before Judge Donovan W. Frank. (Hanson, Andre) (Entered: 10/28/2011) |
| 10/28/2011 | 15 |  | MEMORANDUM in Support re 13 MOTION for Judgment on the Pleadings filed by BAC Home Loans Servicing, LP, Mortgage Electronic Registration Systems, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Hanson, Andre) (Entered: 10/28/2011) |
| 10/28/2011 | 16 |  | Declaration of Andre Hanson in Support of 15 Memorandum in Support of Motion, filed by BAC Home Loans Servicing, LP, Mortgage Electronic Registration Systems, Inc.. (Attachments: # 1 Exhibit(s) A and B)(Hanson, Andre) (Entered: 10/28/2011) |
| 11/03/2011 | 17 |  | RULE 7.1 DISCLOSURE STATEMENT: Countrywide Home Loans, Inc. d/b/a America's Wholesale Lender is a wholly owned subsidiary of Countrywide Financial Corporation which in turn is a wholly owned subsidiary of Bank of America Corporation. Bank of America Corporation is a publically traded company. (McGregor, Sparrowleaf) Modified text on 11/4/2011 (MMP). (Entered: 11/03/2011) |
| 11/03/2011 | 18 |  | RULE 7.1 DISCLOSURE STATEMENT. BAC Home Loans Servicing, LP is wholly owned by Bank of America, National Association. Bank of America National Association is wholly owned by Bank of America Corporation. Bank of America Corporation is a publically traded company. (McGregor, Sparrowleaf) Modified text on 11/4/2011 (MMP). (Entered: 11/03/2011) |
| 11/03/2011 | 19 |  | RULE 7.1 DISCLOSURE STATEMENT.Mortgage Electronic Registration Systems, Inc. is a wholly owned subsidiary of MERSCORP, Inc. MERSCORP, Inc. is a privately held company with two entities, Federal National Mortgage Association (Fannie Mae) and Federal Home Loan Mortgage Corporation (Freddie Mac), holding more than a 10% interest. No other corporation owns more than a 10% interest of MERSCORP, Inc. (McGregor, Sparrowleaf) Modified text on 11/4/2011 (MMP). (Entered: 11/03/2011) |
| 01/27/2012 | 20 |  | MEMORANDUM in Opposition re 13 MOTION for Judgment on the Pleadings filed by Cheryle Jesinoski, Larry D. Jesinoski. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Keogh, Michael) (Entered: 01/27/2012) |
| 02/03/2012 | 21 |  | REPLY Memorandum re 13 MOTION for Judgment on the Pleadings filed by BAC Home Loans Servicing, LP, Countrywide Home Loans, Inc., Mortgage Electronic Registration Systems, Inc. (Attachments: # 1 LR7.1 Word Count Compliance Certificate).(Hanson, Andre) Modified text on 2/6/2012 (MMP). |

| | | | |
|---|---|---|---|
| | | | (Entered: 02/03/2012) |
| 02/17/2012 | 22 | | Minute Entry for proceedings held before Judge Donovan W. Frank: Motion Hearing held on 2/17/2012 re 13 MOTION for Judgment on the Pleadings filed by Mortgage Electronic Registration Systems, Inc., BAC Home Loans Servicing, LP. Matter taken under advisement; written order to issue. (Court Reporter Jeanne Anderson) (BJS) (Entered: 02/20/2012) |
| 04/19/2012 | 23 | 6 | MEMORANDUM OPINION AND ORDER. Defendants' Motion for Judgment on the Pleadings (Doc. No. 13 ) is GRANTED.(Written Opinion). Signed by Judge Donovan W. Frank on 4/19/2012. (BJS) (Entered: 04/19/2012) |
| 04/19/2012 | 24 | 13 | JUDGMENT (Attachments: # 1 Civil–8th Circuit Pre–Hearing Conference Notice, # 2 Civil Notice – appeal)(MMP) (Entered: 04/19/2012) |
| 05/18/2012 | 25 | 16 | NOTICE OF APPEAL TO 8TH CIRCUIT as to 23 Order on Motion for Judgment on the Pleadings, 24 Judgment by Cheryle Jesinoski, Larry D. Jesinoski. Filing fee $ 455, receipt number 0864–3187469. (Attachments: # 1 COA – Form A, # 2 COA – Form B)(Keogh, Michael) (Entered: 05/18/2012) |
| 05/21/2012 | 26 | 20 | TRANSMITTAL OF APPEAL LETTER TO U. S. COURT OF APPEALS, 8TH CIRCUIT, Re: Notice of Appeal to 8th Circuit, 25 . (MMP) (Entered: 05/21/2012) |

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Larry D. Jesinoski and Cheryle
Jesinoski, individuals,

    Plaintiffs,

v.

Countrywide Home Loans, Inc.,
d/b/a America's Wholesale Lender,
subsidiary of Bank of America N.A.;
BAC Home Loans Servicing, LP, a
subsidiary of Bank of America, N.A.,
a Texas Limited Partnership f/k/a
Countrywide Home Loans Servicing,
LP; and Mortgage Electronic Registration
Systems, Inc., a Delaware Corporation;
and John and Jane Does 1-10,

    Defendants.

Civil No. 11-474 (DWF/FLN)

**MEMORANDUM
OPINION AND ORDER**

---

Michael J. Keogh, Esq., Keogh Law Office, counsel for Plaintiffs.

Andre T. Hanson, Esq., Ronn B. Kreps, Esq., and Sparrowleaf Dilts McGregor, Esq., Fulbright & Jaworski LLP, counsel for Defendants.

---

**INTRODUCTION**

  This matter is before the Court on a Motion for Judgment on the Pleadings brought by Defendants Bank of America, N.A. ("BANA") and Mortgage Electronic Registration

Systems ("MERS") (together, "Defendants") (Doc. No. 13).[1] For the reasons set forth below, the Court grants Defendants' motion.

## BACKGROUND

On February 23, 2007, Plaintiffs refinanced their home in Eagan, Minnesota, by borrowing $611,000 from Countrywide Home Loans, Inc., d/b/a America's Wholesale Lender, a predecessor-in-interest of BANA. (Doc. No. 7, Am. Compl. ¶¶ 7, 15, 16 & 17.) MERS also gained a mortgage interest in the property. (*Id*. ¶ 25.)

Plaintiffs received a Truth in Lending Act ("TILA") disclosure and the Notice of Right to Cancel at the loan closing. (*Id*. ¶¶ 19, 20, Exs. A & B.) Plaintiffs allege that they received insufficient numbers of copies of the TILA notice and disclosure. (*Id.* ¶ 47.) Defendants assert that Plaintiffs signed the disclosures, each acknowledging the "receipt of two copies of NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement." (Doc. No. 16, Hanson Decl. ¶ 3, Exs. A & B.)[2] The Right to Cancel gave Plaintiffs until midnight on February 27, 2007 to rescind. (*Id*.)

---

[1]  According to Defendants, Countrywide HomeLoans, Inc. was acquired by BANA in 2008, and became BAC Home Loans Servicing, LP ("BACHLS"), and in July 2011, BACHLS merged with BANA. (Doc. No. 15 at 1 n.1.) Thus, the only two defendants in this case are BANA and MERS.

[2]  The Court properly considers these materials because they are necessarily embraced by the pleadings. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). *See also* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 1357. The Court notes that Plaintiff attached unsigned copies of the same documents to their Amended Complaint. (Am. Compl. ¶¶ 19, 20, Exs. A & B.)

May 21 2012  p 7
Appellate Case: 12-2202     Page: 7     Date Filed: 05/21/2012 Entry ID: 3913809

Plaintiffs did not exercise their right to cancel and the loan funded. Plaintiffs used their loan proceeds to "pa[y] off multiple consumer debts." (Am. Compl. ¶ 22.)

On February 23, 2010, Plaintiffs purported to rescind the loan by mailing a letter to "all known parties in interest." (*Id.* ¶ 30.) On March 12, 2010, BACHLS denied Plaintiffs' request to rescind. (*Id.* ¶ 32.) On February 24, 2011, Plaintiffs filed the present action. (Doc. No. 1, Compl.) By agreement of the parties, Plaintiffs filed their Amended Complaint on July 22, 2011. (Am. Compl.) In their Amended Complaint, Plaintiffs assert four causes of action: Count 1—Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*; Count 2—Rescission of Security Interest; Count 3—Servicing a Mortgage Loan in Violation of Standards of Conduct, Minn. Stat. § 58.13; and Count 4—Plaintiffs' Cause of Action under Minn. Stat. § 8.31. At the heart of Plaintiffs' action is their request that the Court declare the mortgage transaction rescinded and for statutory damages related to defendants' purported failure to rescind. Defendants now move for judgment on the pleadings with respect to all of Plaintiffs' claims.

## DISCUSSION

### I.   Judgment on the Pleadings Standard

A court evaluates a motion for judgment on the pleadings under the same standard as a motion brought under Rule 12(b)(6). *See Ashley County v. Pfizer*, 552 F.3d 659, 665 (8th Cir. 2009); *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).

In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II.     Defendants' Motion

Defendants have moved for judgment on the pleadings with respect to all of Plaintiffs' claims. All of Plaintiffs' claims stem from Defendants' alleged violation of TILA—namely, that Plaintiffs did not receive the required number of disclosures at the

4

closing.[3]  Because the Court concludes that Plaintiffs' TILA-based claims are time-barred, Defendants' motion is properly granted.

TILA imposes a three-year statute of repose on claims for rescission.  *See* 15 U.S.C. § 1635(f).  Here, Plaintiffs closed on the loan on February 23, 2007.  (Am. Compl. ¶¶ 17-20; Hanson Decl. ¶ 3, Exs. A & B.)  Thus, the three-year period expired on or around February 23, 2010.  Plaintiffs argue that, because they sent Defendants a notice of rescission on February 23, 2010, their TILA-based rescission claims are timely.  Defendants counter that Plaintiffs' suit is barred because Plaintiffs did not commence this action until February 24, 2011, approximately one year after the three-year period expired.

This Court and other courts in this district have recently considered the issue of whether a claim for rescission survives the three-year period if a borrower sends a rescission request within the three-year period, but fails to file suit until after the three-year period expires.  *See Beaukes v. GMA Mortgage, LLC*, Civ. No. 10-4551, 2012 WL 1204635, at *2 (D. Minn. April 11, 2012); *Dietz v. Beneficial Loan and Thrift Co.,* Civ. No. 10-3752, 2011 WL 6739504, at *3-4 (D. Minn. Dec. 22, 2011); *Geraghty v. BAC Home Loans Servicing LP*, Civ. No. 11-336, 2011 WL 3920248, at *3 (D. Minn.

---

[3]  Plaintiffs' assertion that they did not receive the required number of disclosures is undermined by documents submitted by Defendants demonstrating that Plaintiffs signed the disclosure documents acknowledging receipt by each Plaintiff of sufficient copies. (*See* Hanson Decl. ¶ 3, Exs. A & B.)  However, for purposes of the present motion, the Court assumes without deciding that Plaintiffs have pled a plausible claim that they did not receive the required documents at the closing.

5

Sept. 7, 2011); *Sobieniak v. BAC Home Loans Servicing, LP*, Civ. No. 11-110, 2011 WL 6122318, at *4-5 (D. Minn. Dec. 8, 2011). In each of these cases, the court concluded that a plaintiff's suit for rescission is barred by section 1635(f) if the suit is not filed within the statutory three-year period. *See Geraghty*, Civ. No. 11-336, 2011 WL 3920248, at *3 (noting a circuit split and no Eighth Circuit authority on the issue; siding with the majority and holding that a legal claim for rescission under section 1635 must be filed within the three-year statute of repose); *Sobieniak*, Civ. No. 11-110, 2011 WL 6122318, at *4-5 (noting that "[t]he majority of courts to address this question hold that such a suit is barred by § 1635(f)" and holding that the plaintiffs' claim was barred because they did not file suit until after the three-year period passed).

The Court echoes its decisions in *Beaukes* and *Dietz* and agrees with the decisions of both the *Geraghty* and *Sobieniak* courts insofar as they hold that a suit for rescission filed more than three years after consummation of an eligible transaction is barred by TILA's statute of repose. Here, there is no dispute that Plaintiffs failed to file suit within the three-year period. Thus, their claims are time-barred.

Because Plaintiffs cannot demonstrate that Defendants violated TILA, Plaintiffs' state-law claims likewise fail. Consequently, the Court grants Defendants' motion for judgment on the pleadings in its entirety. Defendants are thus entitled to judgment on all counts (Counts 1 through 4) of Plaintiffs' Amended Complaint.

### ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that Defendants' Motion for Judgment on the Pleadings (Doc. No. [13]) is **GRANTED**.

6

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  April 19, 2012              s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge

AO450 (Rev. 5/85)  Judgment in a Civil Case

# UNITED STATES DISTRICT COURT
## District of Minnesota

Larry D. Jesinoski and Cheryle Jesinoski,
individuals,

                      Plaintiffs,

V.

Countrywide Home Loans, Inc.,
d/b/a America's Wholesale Lender,
subsidiary of Bank of America N.A.;
BAC Home Loans Servicing, LP, a
subsidiary of Bank of America, N.A.,
a Texas Limited Partnership f/k/a
Countrywide Home Loans Servicing,
LP; and Mortgage Electronic Registration
Systems, Inc., a Delaware Corporation;
and John and Jane Does 1-10,

                      Defendants.

**JUDGMENT IN A CIVIL CASE**

Case Number:  11-474 (DWF/FLN)

☐ **Jury Verdict.**  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.**  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:
Based upon the foregoing, **IT IS HEREBY ORDERED** that Defendants' Motion for Judgment on the Pleadings (Doc. No. [13]) is **GRANTED**.

April 19, 2012                                               RICHARD D. SLETTEN, CLERK
Date

                                                        s/  M. Price
                                         (By)                                M. Price  Deputy Clerk

C:\Documents and Settings\price\Desktop\Blank Judgment Form.wpd                 Form Modified: 09/10/04

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program.  The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin.  Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B.  Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit.  All communications with Mr. Martin are confidential.  Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation.  Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process.  Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.*  Appellee may complete Form B and send it to the clerk of the Court of Appeals.  If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-244-2499.

Forms A and B  are available from the District Court clerk and the Court of Appeals clerk and can be found on the forms page of the Court of Appeals' website at: http://www.ca8.uscourts.gov and the District Court's website at: http://www.mnd.uscourts.gov.

*October 27, 2004*



# UNITED STATES DISTRICT COURT
## District of Minnesota

Richard D. Sletten, Clerk
Lisa Rosenthal, Chief Deputy Clerk

| Warren E. Burger Federal Building and U.S. Courthouse 316 North Robert Street Suite 100 St. Paul, MN  55101 (651) 848-1100 | U.S. Courthouse 300 South Fourth Street Suite 202 Minneapolis, MN 55415 (612) 664-5000 | Gerald W. Heaney Federal Building and U.S. Courthouse and Customhouse 515 West First Street Suite 417 Duluth, MN 55802 (218) 529-3500 | U.S. Courthouse 118 South Mill Street Suite 212 Fergus Falls, MN 56537 (218) 739-5758 |

## CIVIL NOTICE

**The appeal filing fee is $455.00.  If you are indigent, you can apply for leave to proceed in forma pauperis, ("IFP").**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> *This is a summary only.  For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.*

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal.  This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires.  If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it.  The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

Form Modified 08/23/08

UN ITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.:11-CV-474 DWF-FLN

Larry D. Jesinoski and
Cheryle Jesinoski, individuals,

    Plaintiffs,

v.

COUNTRYWIDE HOME LOANS,INC
d/b/a AMERICAS WHOLESALE
LENDER, subsidiary BAC HOME
LOANS SERVICING, LP, a Texas
limited partnership and subsidiary of
Bank of America, N.A. f/k/a
COUNTRYWIDE HOME LOANS
SERVICING, LP; MORTGAGE
ELECTRONIC,REGISTRATION
SYSTEMS, INC., A Delaware Corp., Joe
and Jane Does 1-10

    Defendants

## Notice of Appeal

Notice is hereby given that Larry D Jesinoski and Cheryle Jesinoski, Plaintiffs in the above case hereby appeal to the United States Court of Appeals for the Eighth Circuit from the Order and Judgment at Docket Numbers 23 and 24 specifically the Order granting Judgment on the Pleadings. Pursuant to 28 U.S.C. §1291, Plaintiffs appeal the Judgment of the United States District Court for the District of Minnesota entered on April 19, 2012 and preceding Order also

entered on April 19th, 2012 which ordered Judgment on the Pleadings for Defendants by holding that Plaintiffs' suit for TILA recission filed more than three years after consummation of refinanced mortgage loan on Plaintiff's primary residence was time-barred by the three year period contemplated by 15 U.S.C. § 1635 (f) of the federal Truth in Lending Act.

    Plaintiffs argue that the three year period described in 15 U.S.C. §1635 (f) controls only the exercise of the right of recission, and Plaintiffs have one additional year from the date of Defendants' failure or refusal to acknowledge recission to seek judicial enforcement of their TILA recission pursuant to 15 U.S.C.§ 1640(e).

Dated: May 18th, 2012                              KEOGH LAW OFFICE

                                                     _s/Michael J. Keogh_____
                                                      Michael J. Keogh (#0286515)
                                                      P.O. Box 11297
                                                      St. Paul, Minnesota 55104
                                                      Telephone (612) 644-2861
                                                      *Attorney for Plaintiffs*

U.S. COURT OF APPEALS - EIGHTH CIRCUIT
APPELLANT'S FORM A
Appeal Information Form
To be filed with the Notice of Appeal

Appeal Docket No.

_____

| STYLE OF CASE: | COUNSEL: NAME, ADDRESS, AND TELEPHONE NUMBER |
|---|---|
| Appellant/Appellee, vs. | |
| Appellant/Appellee | COUNSEL: NAME, ADDRESS, AND TELEPHONE NUMBER |

LIST ISSUES ON APPEAL (For administrative purposes).  You may indicate that this also serves as your statement of issues under FRAP 10(b)(3).         _____Yes.          _____ No.

FOR LEAD COUNSEL ONLY
I _____ have (_____ have not) discussed settlement possibilities on appeal with my client.
This appeal _____ is (_____ is not ) amenable to settlement.

Submitted by: s/ _____
Signature of Lead Counsel                                              Date

INSTRUCTIONS:
Filing of appellant's Form A is required to be submitted to the Clerk of the District Court with the Notice of Appeal (8 Cir. Rule 3B).  If inadvertently omitted, appellant may file Form A directly with the Clerk of the Court of Appeals before appeal is docketed.  Forms are available at the District Court Clerk's Office and may be obtained electronically at:
www.ca8.uscourts.gov
    Copy 1 - Send to Appellee (together with an uncompleted Form B)
    Copy 2 & 3 - Send to Clerk, District Court with Notice of Appeal or Eighth Circuit (see above)
    Copy 4 - Retain

U.S. COURT OF APPEALS - EIGHTH CIRCUIT

Appeal Docket No.

_____

# APPELLEE'S FORM B
Appeal Information Form

CASE NAME (Underline name of Appellee):

IS THIS ALIGNMENT OF PARTIES, NAMES, ADDRESSES, AND TELEPHONE NUMBERS CORRECT ON APPELLANT'S FORM A? _____ Yes _____ No If no, list corrections below.

FOR LEAD COUNSEL ONLY
I _____ have ( _____ have not) discussed settlement possibilites on appeal with my client.
This appeal _____ is ( _____ is not) amenable to settlement.

NAME, ADDRESS, AND TELEPHONE NUMBER OF LEAD COUNSEL:

Submitted by: s/ _____

Date: _____

Copy 1 - Send to Appellant
Copy 2 & 3 - Send to Clerk, Eighth Circuit Court of Appeals
Copy 4 - Retain

# UNITED STATES DISTRICT COURT
## District of Minnesota

Richard D. Sletten, Clerk
Lisa D. Rosenthal, Chief Deputy Clerk

| Warren E. Burger Federal Building and U.S. Courthouse 316 North Robert Street Suite 100 St. Paul, MN 55101 (651) 848-1100 | U.S. Courthouse 300 South Fourth Street Suite 202 Minneapolis, MN 55415 (612) 664-5000 | Gerald W. Heaney Federal Building and U.S. Courthouse and Customhouse 515 West First Street Suite 417 Duluth, MN 55802 (218) 529-3500 | U.S. Courthouse 118 South Mill Street Suite 212 Fergus Falls, MN 56537 (218) 739-5758 |
|---|---|---|---|

## TRANSMITTAL OF APPEAL

**Date:** May 21, 2012
**To:** U.S. COURT OF APPEALS, 8TH CIRCUIT
**From:** M. Price, Deputy Clerk

**In Re:** District Court Case No.: 0:11-cv-00474-DWF-FLN
Eighth Circuit Case No.:
Case Title: Jesinoski et al v. Countrywide Home Loans, Inc. et al

The statutory filing fee has:
  X  been paid, receipt #0864-3187469 .
     not been paid as of 5/21/12.     IFP ____ is ____ is not  pending.
     been waived because:
        ____ Application for IFP Granted     ____ USA filed appeal

Length of Trial:     days

Was a court reporter utilized?     X  Yes     ____ No

  If yes, please identify the court reporter:
  Name:     Jeanne Anderson
  Address:  316 North Robert Street
            St. Paul, MN 55101

  Phone:    1-651-848-1221

____ Forms A & B were not received; please see attached forms.

____ Forms A & B were given to counsel at the counter.

  X  Completed Form A enclosed in transmittal letter.

____ Original file(s), consisting of ____ file(s) and ____ expandable(s)

____ Transcript(s):     Volume     Date     Proceeding

forms\civil\appeals\appeal transmittal.frm

Form Modified: 9/23/08