**12-2202**

# In the United States Court of Appeals for the Eighth Circuit

_____

LARRY D. JESINOSKI and CHERYLE JESINOSKI,

*Appellants,*

v.

COUNTRYWIDE HOME LOANS, INC., et al.,

*Appellees.*

_____

**On Appeal From The United States District Court
For The District Of Minnesota (St. Paul)**

_____

**BRIEF OF APPELLANTS**

_____

MICHAEL J. KEOGH
KEOGH LAW OFFICE
P.O. Box 11297
St. Paul, MN 55111
Phone: 612-644-2861
Fax: 612-354-2533
E-mail: keoghlawmn@gmail.com

## **Summary of the Case**

In 2007, Appellants Larry D Jesinoski and Cheryle Jesinoksi refinanced the mortgage loan on their primary residence. Exactly three years later, the Jesinoskis timely exercised their right of recission pursuant to the federal Truth in Lending Act ("TILA") by mailing a notice of recission to Appellees.

Significantly, the Jesinoskis timely exercised their right to rescind and timely brought suit to enforce that recission. The salient issue, one of statutory interpretation, concerns whether a consumer must give notice of TILA recission and file suit within three years of a loan's consummation or provide notice of recission to creditor and then file suit to enforce recission within one year of the creditor's failure to respond to or acknowledge recission.

As the latter approach is congruent with the statutory language of TILA and its enabling Regulation Z, the Jesinoskis properly stated a claim for recission, and the district court erred in granting judgment on the pleadings. As this issue concerns the future scope of a crucial and unique consumer remedy, the Jesinoskis respectfully request oral argument.

# TABLE OF CONTENTS

Page

Summary of the Case ........................................................  i

  I.   Jurisdictional Statement ............................................  1

  II.  Statement of the Issue .............................................  1

 III.  Statement of the Case ..............................................  2

 IV.  Statement of Facts ....................................................  3

  V.  Summary of the Argument ........................................  5

 VI.  ARGUMENT AND STANDARD OF REVIEW .................  6

      A.  Standard of Review ................................................  6

      B.  When the Consumer has Timely Exercised TILA Recission, 15 U.S.C. § 1640(e) Rather Than 15 U.S.C. 1635(f) Governs the Time to Commence Subsequent Actions to Enforce TILA Recission .......  8

           1.  Consumers Need Not File Suit to Exercise the Right of Recission ...............................................  11

           2.  Receipt of Notice of Recission Triggers the Duty to Perform Pursuant to 15 U.S.C. § 1635(b) ........  26

Conclusion ....................................................................  31

CERTIFICATE OF COMPLIANCE WITH RULE 32(a)(7) And LOCAL RULE 28(A)(h)(2)

Certificate of Service

# TABLE OF AUTHORITIES

CASES

*Anderson Bros. Ford v. Valencia*, 452 U.S. 205 (1980) ............19

*Barnes v. Chase Home Finance, LLC*, 2011 WL 495000111 (D. Or. October 18, 2011) ...............................................1, 21

*Beach v. Ocwen Fed. Bank*, 523 U.S. 410 (1998)............................................................ 11, 22, 23, 24, 26

*Beaukes v. GMAC Mortgage*, LLC, 2012 WL 1204635 (D. Minn. April 11th, 2012) ......................................... 14, 21, 22

*Briosos v. Wells Fargo Bank*, 737 F. Supp. 2d 1018 (N.D. Cal. 2010) ........................................................................21

*Chi-Mil Corp. v. W.T. Grant Corp.*, 70 F.R.D. 352 (E.D. Wis. 1972).................................................................................7

*Cocroft v. HSBC Bank N.A.*, 2012 WL 1378645 (N.D. Ill. April 20, 2012) ..............................................................1, 21

*Conn. Nat'l Bank v. Germain*, 503 U.S. 249 (1992)...................16

*Dietz v. Beneficial Loan and Thrift Co.*, 2011 WL 6739504 (D. Minn. December 22, 2011) ............................... 14, 21, 22

*Ford Credit Union v. Milhollin*, 444 U.S. 555 (1980) ..................19

*Geraghty v. BAC Home Loans Servicing, LP*, 2011 Westlaw 3920248 (D. Minn. September 7th, 2011) .................9, 15, 22

*Gilbert v. Residential Funding LLC*, 678 F.3d 371 (4th Cir. 2012).....................................................................1, 20, 24

*In re Hunter*, 451 BR 651 (Bankr. Court, N.D. Ill. 2009).......2, 21

*LaBelle v. America Broker's Conduit, et al.*, 2011 WL 291950 (D. Minn. January 27, 2011) ...........................14, 21

*Lahey v. Covington*, 964 F. Supp. 1440 (D. Colorado 1996)....7, 8

*Liberty Mut. Ins. v. United States*, 490 F. Supp. 328 (E.D. N.Y. 1980) ..................................................................7, 8

Appellate Case: 12-2202     Page: 4     Date Filed: 07/12/2012 Entry ID: 3931332

TABLE OF AUTHORITIES – Continued

*Marschner v. RJR Financial Services, Inc.*, 382 F. Supp. 2d 918 (E.D. Mich. 2005) ...................................................... 19

*McIntosh v. Irwin Union Bank & Trust Co.*, 21 FRD 8083 (D. Mass 2003) ........................................................................ 19

*McOmie Gray v. Bank of America Home Loans*, 667 F.3d 1325 (9th Cir. 2012) ........................................................ 25

*Miguel v. Country Funding Corp*, 309 F.3d 1161 (9th Cir. 2002) ............................................................. 22, 24, 25, 26

*Pulphus v. Sullivan*, 2003 Dist. LEXIS 7080 (N.D. Ill. Apr. 28 2003) ........................................................................... 19

*Rosenfeld v. HSBC Bank*, 681 F.3d 1172 (10th Cir. 2012) ....... 25

*Saint Paul Ramsey County Med. Ctr. v. Pennington County, S.D.*, 857 F.2d 1185 8th Cir. 1998) ..................................... 7

*Sobieniak v. BAC Home Loans Servicing*, LP, 2011 Westlaw 6122318 (D. Minn. December 8, 2011) .............. 15, 21, 22, 24

*Sound, Inc v. AT&T*, 631 F.2d 1324 (8th Cir. 1980) ................... 7

*Stewart v. BAC Home Loans Servicing LP*, 2011 WL 862938 ..... 21

*Tacheny v. M&I Marshall and Ilsey Bank, et al*, 2011 WL 1657877 (D. Minn. April 29, 2011) ............................... 14, 21

*United Healthcare Corp. v. Am. Trade. Ins. Co.*, 88 F.3d 563 (8th Cir. 1996) .............................................................. 6, 7

*United States v. Ron Pairs, Enters.*, 489 U.S. 235 (1989) .......... 17

*Velaquez v. HomeAmerican Credit, Inc.*, 254 F. Supp. 1043 (N.D. Ill. 2003) ................................................................. 30

*Williams v. Homestake Mortgage Co.*, 968 F.2d 1137 (11th Cir. 1992) ......................................................................... 12

*Williams v. Wells Fargo Mortg. Inc,* 410 Fed. Appdx 495 (3rd Cir. 2011) ......................................................................... 25

Appellate Case: 12-2202    Page: 5    Date Filed: 07/12/2012 Entry ID: 3931332

TABLE OF AUTHORITIES – Continued

STATUTES

15 U.S.C. §§ 1601-1667f.....................................................2, 10

15 U.S.C. §1602(h) ........................................................3, 10

15 U.S.C. §1602(u) ...........................................................12

15 U.S.C. §1611 *et seq.*.......................................................11

15 U.S.C. § 1635 ..........................................................13, 16

15 U.S.C. § 1635(a)...............................................5, 11, 12, 13

15 U.S.C. § 1635(b) .........................................9, 23, 26, 27, 29

15 U.S.C. § 1635(f) .......................................................*passim*

15 U.S.C. § 1638(a).............................................................12

15 U.S.C. § 1640 *et seq.*......................................................11

15 U.S.C. § 1640(a)...................................................23, 30, 31

15 U.S.C. § 1640(a)(1)-(3).....................................................12

15 U.S.C. § 1640(e)...................................................13, 23, 26

15 U.S.C 1641(c) .............................................................11

15 U.S.C. § 1641(e)..............................................................5

16 U.S.C. §1601(a)..............................................................10

16 U.S.C § 1640(e).........................................................1, 8, 9

28 U.S.C. §1291 ................................................................1

28 U.S.C. §1331 ................................................................1

28 U.S.C. §1367 ................................................................1

28 U.S.C. § 2201 ...............................................................1

Minn. Stat. §§58.13 ...........................................................31

Appellate Case: 12-2202    Page: 6    Date Filed: 07/12/2012 Entry ID: 3931332

# TABLE OF AUTHORITIES – Continued

Page

RULES AND REGULATIONS

FRCP 12(b)(6) ............................................................7

Fed. R. Civ. P. 12(c) ..........................................6, 7

12 CFR § 226 *et seq.*......................................2, 10

12 CFR §226.2(a)(10) ..........................................10

12 CFR §226.2(a)(12) ..........................................10

12 CFR §226.2(a)(20) ..........................................10

12 CFR § 226.23(a).........................................18, 19

12 CFR § 226.23(a)(2) ..........................................17

12 CFR § 226.23(a)(2)-(3) ....................................13

12 CFR § 226.23(a)(3) .....................................12, 17

12 CFR §226.23(d)................................................28

Reg. Z § 223(b) .....................................................12

Reg. Z § 226.17(d)................................................12

Reg. Z § 226.23 ....................................................12

Reg. Z § 226.23(d)(1)...........................................29

Reg. Z § 226.23(d)(2)...........................................29

Reg. Z § 226.23(d)(3)...........................................29


OTHER AUTHORITIES

*Official Staff Commentary* 226.23 ...........................28

*Official Staff Commentary* to 12 CFR §226.23(a)(1)...................18

*Official Staff Commentary* §226.23(a)(2) ...................18

*Official Staff Commentary* §226.23(d).......................29

Appellate Case: 12-2202    Page: 7    Date Filed: 07/12/2012 Entry ID: 3931332

# I. Jurisdictional Statement

The district court had federal question jurisdiction over this Truth In Lending Act case seeking enforcement of a TILA recission under 28 U.S.C. §1331 and 16 U.S.C § 1640(e) as well as supplemental jurisdiction under 28 U.S.C. §1367 for the pendent Minnesota statutory claims arising from the same TILA claim. Inherent to its jurisdiction over this case, the district court had the power to issue a declaratory judgment by virtue of 28 U.S.C. § 2201. This appeal is from an order and final judgment disposing of all claims on April 19, 2012, and notice of appeal was timely filed on May 18th, 2012. This Court has jurisdiction under 28 U.S.C. §1291.

# II. Statement of the Issue

Whether the district court properly granted judgment on pleadings in a TILA recission case when the language of 15 U.S.C. § 1635(f) does not require the Jesinoskis to file a lawsuit to exercise their right of recission and BAC received valid notice of recission within three years of the disputed transaction? *Gilbert v. Residential Funding LLC*, 678 F.3d 371 (4th Cir. 2012), *Cocroft v. HSBC Bank N.A.*, 2012 WL 1378645 (N.D. Ill. April 20, 2012), *Barnes v. Chase*

1

*Home Finance, LLC*, 2011 WL 495000111 (D. Or. October 18, 2011),

*In re Hunter*, 451 BR at 651 at 659 (Bankr. Court, N.D. Ill. 2009).


### III.  <u>Statement of the Case</u>

The present appeal concerns a federally regulated mortgage on a consumer's primary residence subject to the federal Truth in Lending Act ("TILA") codified at15 U.S.C. §§ 1601-1667f and its enabling Regulation Z codified at 12 CFR § 226 et seq.  Following timely exercise of their right to rescind,  Larry and Cheryle Jesinoski brought an action to enforce TILA recission and recover damages from the Defendants' alleged failure to acknowledge that recission.

On February 23, 2010, the Jesinoskis commenced suit in the United State District Court for the District of Minnesota. Following a joint stipulation for an extension of time for BAC and MERS to answer, the Jesinoski amended their Complaint on July 22, 2011. On August 22, 2011, Defendant BAC and MERS answered and subsequently brought a motion for judgment on the pleadings. On April 19, 2012, the district court granted

2

judgment on the pleadings in favor of Bank of America and
MERS on all counts.  Appellant App. at 65-72.

## IV.   **Statement of Facts**

The essential, material facts underlying the Jesinoskis' claim
for enforcement of TILA recission are contained in their Amended
Complaint. Appellant App at17-34. Pursuant to 15 U.S.C. §1602(h),
the Jesinoskis are both consumers and natural persons. Prior to
2007, the Jesinoski purchased the property located at 4165 Cashell
Glen, Eagan, MN 55122 as their primary residence.  On February
23, 2007, the Jesinoskis refinanced the mortgage obligation on
their primary dwelling by consummating a new mortgage loan with
America's Wholesale Lender which is a trade name of Countrywide
Home Loans, Inc and Mortgage Electronic Registration Systems,
Inc. ("MERS") solely as nominees for successors and assigns. At the
closing of the disputed mortgage transaction, the Jesinoskis were
provided with copies of certain disclosure documents with respect
to the mortgage transaction. The documents provided at closing
failed to provide a TIL disclosure statement and two copies of a
Notice of Right to Cancel in a form that could be retained to each

3

consumer with a right to rescind namely both Larry and Cheryle Jesinoski. Appellant App. 24.

On February 23, 2010, the last day possible, the Jesinoskis exercised their right to rescind by sending Notices of Recission to America's Wholesale Lender, Bank of America, and MERS via certified mail, return receipt requested. On March 12, 2010 Bank of America refused to acknowledge recission and neither MERS nor America's Wholesale Lender responded to the Notice of Recission.

On February 24, 2011, the Jesinoskis filed a Complaint in the United States District Court for the District of Minnesota to enforce their TILA recission and assert certain claims for damages arising from the Defendant's respective failures to acknowledge or respond to the notice of recission. Pursuant to a stipulation for extension of time to answer and subsequent order for same, the Jesinoskis filed an Amended Complaint to which Defendants' counsel filed an answer. In the Amended Complaint, the Jesinoski alleged that BAC and MERS were liable as assignees for recission and damages arising thereby. *Id*. Defendants subsequently brought a motion for judgment on the pleadings. The district court found in favor of the

4

Defendants holding the Plaintiff's' TILA claims time barred because the Jesinoskis did not file an action to enforce their TILA recission rights in addition to exercising those rights within three years of the loan's closing. The district court also granted judgment on the pleading against Bank of America as a residential mortgage servicer pursuant to the Minnesota Residential Mortgage Originator and Servicing Act ("MOSLA") because the MOSLA claim was wholly derivative of the TILA claims. The Order granting judgment and Judgment on the pleadings to all Defendants on the TILA and MOSLA claims were filed on April 19, 2012. The Jesinoskis timely filed a Notice of Appeal in the District Court for May 18, 2012.

## V. <u>Summary of the Argument</u>

The Jesinoskis challenge the district court's analysis of TILA's statutory frame work. Nothing in TILA or Regulation Z requires a consumer to file suit to exercise TILA recission. When, as here, the consumer(s) have a valid basis for extended recission and such recission is effective upon notice to the creditor and any assignees pursuant to 15 U.S.C. § 1635(a), 15 U.S.C. § 1635(a), and 15 U.S.C. § 1641(e). The Jesinoskis timely exercised

5

recission via mail. When BAC acknowledged receipt, but refused to acknowledge recission, they timely filed suit to enforce recission with one year of that refusal. Besides being wholly absent from the language of TILA, Regulation Z or the Official Staff Commentary thereto, an additional requirement that a consumer exercise recission and file suit to enforce it within three years narrowly construes remedial legislation intended to protect consumers in favor of lenders. Moreover, as the statutory authority and regulatory procedure for three day and extended recission is the same, such an interpretation would effectively relieve creditors of their obligation to disclose consumer credit terms by the removing the consequences for failing to do so.

## VI.   ARGUMENT AND STANDARD OF REVIEW

### A. Standard of Review

Pursuant to Fed. R. Civ. P 12(c), a motion for judgment on the pleadings tests the legal sufficiency of pleadings in final form. The court of appeals reviews *de novo* the District Court's determination of a Fed. R. Civ. P. motion for judgment on the pleadings. *United*

6

*Healthcare Corp. v. Am. Trade. Ins. Co.*, 88 F.3d 563, 566 (8th Cir. 1996). For the purposes of FRCP 12 (c) motion, the court of appeals accepts all well pleaded facts in the pleadings of the opposing party as true. *Sound, Inc v. AT&T*, 631 F.2d 1324, 1326 at n.2 (8th Cir. 1980) (citing *Quality Mercury, Inc., v. Ford Motor Co.*, 542 F.2d 466, 468 (8th Cir. 1976) *abrogated on other grounds as recognized by Health Care Equalization Comm. Of the Ia. Chiropractic Soc'y* 851 F.2d 1020 (8th Cir. 1988). Even when the Defendant asserts as a defense failure to state a claim upon which relief may be granted pursuant to FRCP 12(b)(6), the court of appeals acceptance of the truth of well pleaded facts remains. *Saint Paul Ramsey County Med. Ctr. v. Pennington County, S.D.*, 857 F.2d 1185, 1187-1188 (8th Cir. 1998). All allegations of the moving party which have been denied are taken as false. *See, e.g. Lahey v. Covington,* 964 F. Supp. 1440 at 1447 (D. Colorado 1996); *Liberty Mut. Ins. v. United States*, 490 F. Supp. 328, 329 (E.D. N.Y. 1980); *Chi-Mil Corp. v. W.T. Grant Corp.*,70 F.R.D. 352(E.D. Wis. 1972). The court of appeals draws all reasonable inferences in favor of the nonmoving party. *United Healthcare Corp. v. Am. Trade. Ins. Co.*, 88 F.3d 563, 569 (8th Cir. 1996). However, a motion for judgment on the pleadings does not

7

admit conclusions of law. *Lahey*, 964 F. Supp. At 1447; *Liberty Mut.* 490 F. Supp at 329, *Chi-Mil Corp.*, 70 F.R.D. at 357.

### B. When the Consumer has Timely Exercised TILA Recission, 15 U.SC. §1640(e) Rather Than 15 U.S.C. §1635(f) Governs the Time to Commence Subsequent Actions to Enforce TILA Recission.

In its Order granting judgment on the pleadings to all defendants, the district court correctly observed, "All of Plaintiffs' claims stem from Defendants' alleged violations of TILA-namely, that Plaintiffs did not receive the required number of disclosures at closing." The district court also stated that it assumed without deciding that Plaintiffs had plead a plausible claim they did not receive the required document at closing. Yet, while assuming for the purposes of the motion the Jesinoskis had a basis for extended TILA recission, the district court ultimately ruled against them because their action to enforcement was "filed more than three years after consummation of an eligible transaction is barred by TILA's statute of repose." The district court also noted that due to several intervening mergers Bank of America and MERS were the remaining defendants.

8

While the district court was astute in its analysis of the material facts and claims asserted in the Amended Complaint, it erred in concluding Jesinoskis' TILA claims were time barred by adopting the districts court's analysis as to 15 U.S.C. 1635(f) in *Geraghty v. BAC Home Loans Servicing, LP*, 2011 Westlaw 3920248 (D. Minn. September 7th, 2011) and its progeny. Specifically, the Jesinoski court ignored that consumers need not commence suit to exercise TILA recission and that TILA recission is effective upon timely dispatch of notice of such recission in its analysis of the Jesinoskis' recission claim. In addition, the district court failed to acknowledge that the Defendants' receipt of Jesinoskis' Notice of recission triggered a duty of performance pursuant to 15 U.S.C. §1635(b) and that failure to acknowledge recession created a TILA violation which Defendants were liable. Moreover, the district court failed to discern that the Jesinoskis had one year pursuant to 15 U.S.C. §1640(e) from the date of that violation to commencement suit to enforce TILA recission and the claims from arising that recission.

This court reviews the district courts' order for judgment on the pleading *de novo.*

9

Given its depth and complexity, a concise overview of pertinent sections of the Truth on Lending Act codified at 15 U.S.C. §§ 1601-1667f ("TILA") is appropriate for clarity. Congress passed TILA in 1968 to "protect the consumer against inaccurate and unfair credit billing and credit card practices" 16 U.S.C. §1601(a). TILA's statutory provision are further defined and implemented by its Regulation Z codified at 12 CFR § 226 *et seq.* Amended several times since its inception most recently by the Dodd-Frank Act Wall Street Reform and Consumer Protection Act, TILA's scope encompasses a variety of consumer credit transactions including credit cards, certain property leases, and certain mortgages. *See* 15 U.S.C. §1602(h), 12 CFR §226.2 (a)(12) (defining same). TILA and Regulation Z divide consumer credit transactions within its scope into two categories. Open end credit transactions, such as credit cards, involve multiple transactions extending credit to a consumer by a creditor. *See* 12 CFR §226.2(a)(20). In contrast, closed end transactions, such as most mortgages subject to TILA, involve a single transaction extending credit to a consumer. *See* 12 CFR §226.2(a)(10). In the present appeal, the mortgage obligation

10

refinancing the debt on the Jesinoskis' primary residence is a closed end consumer credit transaction.

Whether a transaction within TILA's scope is open end or closed end in nature, TILA mandates that creditors "make clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410 at 412 (1998). If the creditor fails to make the requisite disclosures, it can be held liable for criminal penalties and a consumer may also bring an action for damages. *See* 15 U.S.C. §1611 *et seq and* 15 U.S.C. § 1640 *et seq.* In addition, mortgage transactions which concern security interests on a consumer's primary residence also may rescind the loan up to three years after the loan's closing by providing Notice of Recission to the Creditor and any Assignees. *See* 15 U.S.C. 1635(a) *and* 15 U.S.C 1641(c).

**1. Consumers Need Not File Suit to Exercise the Right of Recission**

In a transaction subject to TILA, consumers have an unconditional right for three days following the consummation of a

Appellate Case: 12-2202   Page: 18   Date Filed: 07/12/2012 Entry ID: 3931332

transaction subject to TILA to cancel or rescind that transaction. 15 U.S.C. § 1635(a), 12 CFR 226.23 § (a)(3). *See Williams v. Homestake Mortgage Co.*, 968 F.2d 1137,1139 (11th Cir. 1992) However, if certain material disclosures and notices are not provided to each borrower in a form which can be retained, the right to rescind can extend to up to three years from the subject transaction's consummation. *Id.*

There are three bases for extended TILA recission any one of which create the extended right to rescind under TILA. *See* 15 U.S.C. § 1602(u)(defining material disclosures), 15 U.S.C. § 1635(a)(requiring clear and conspicuous disclosure of TIL disclosure statement and notices of recission to each consumer) 15 U.S.C. § 1638(a) (requiring accurate material disclosures to each consumer) *and* Reg. Z § 226.17(d), Reg. Z §223(b), Reg. Z § 226.23 n. 48. If, within twenty days receipt of the Notice of Recission, the Creditor and any Assignees fail to acknowledge recission and take steps to reflect such recission, the consumer may commence an action to enforce his or her recission rights as well as damages arising from acts contrary to a valid recission. *See* 15 U.S.C. § 1640(a)(1)-(3)

12

(authorizing statutory damages, actual damages, and costs including a reasonable attorney's fee for violations of 15 U.S.C. § 1635 *et seq* governing TILA recission). An action to enforce recission by a consumer against the Creditor and Assignee must be commenced no later than one year from the date of the creditors refusal to acknowledge or answer Notice of Recission. *See* 15 U.S.C. 1640(e).

There is a present split of authority among both the Circuits and within the District of Minnesota from which the present matter originates. The statutory text of 15 U.S.C. §1635(a) and 15 U.S.C. §1635(f), specifying the time period for the exercise of TILA recission by the consumer; the regulatory text of 12 CFR §226.23 (a)(2)-(3) implementing recission by the consumer or the accompanying Official Staff Commentary thereto contain no mention whatsoever of commencing a lawsuit by a consumer. In the first four months of 2011, two courts from the District of Minnesota analyzed two cases with essentially the same facts as the present according to the plain language of TILA and Reg. Z.

13

On January 27, 2011, Chief Judge Michael J. Davis denied BAC's motion to dismiss in a TILA rescission case where the disputed mortgage loan was consummated January 16, 2007, the Plaintiffs sent a notice of rescission to BAC on June 13, 2009, BAC refused to acknowledge Plaintiff's rescission on December 16, 2009, and the Plaintiffs commenced suit to enforce recission on July 2, 2010. *LaBelle v. American Broker's Conduit*, et al, 2011 WL 291950 at 1-2.(D. Minn. January, 27, 2011) Similarly on April 29, 2011, Judge Patrick J. Schlitz denied Mortgage IT's motion to dismiss with respect to Plaintiff's rescission and damage claims arising there from where the disputed mortgage loan was consummated April 26, 2006, Plaintiffs sent a notice of rescission to MortgageIT on April 24, 2009, and commenced a lawsuit to enforce rescission on May 14, 2010. *Tacheny v. M&I Marshall and Ilsey Bank, et al*, 2011 WL 1657877 at 1 and 5. (D. Minn. April 29, 2011)

In contrast, other courts in the District of Minnesota since September 2011 have summarily disposed of various Plaintiffs' TILA rescission actions on virtually the same pattern of material facts. *See Beaukes v. GMAC Mortgage*, LLC, 2012 WL 1204635 (D. Minn. April 11th, 2012); *Dietz v. Beneficial Loan and Thrift Co.*, 2011 WL

14

6739504 (D. Minn. December 22, 2011). *Sobieniak v. BAC Home Loans Servicing, LP*, 2011 Westlaw 6122318 (D. Minn. December 8, 2011) (dismissing rescission claim after conversion to summary judgment); *Geraghty v. BAC Home Loans Servicing, LP*, 2011 Westlaw 3920248 (D. Minn. September 7th,2011)(dismissing rescission claim, but allowing damages for failure to rescind).

Either out of comity or consistency, the district court ruled that the Jesinoskis' TILA recission claim was time-barred by 15 U.SC. § 1635(f) as a statute of repose because the Jesinoskis had failed to commence a lawsuit to enforce with three years of the mortgage transaction's closing. As authority, the district court only cited 15 U.S.C. § 1635(f) and a handful of recent district court deicision including *Gerahty* also concluding the recission actions which were not brought within three years of the loan's closing to be time-barred.

As discussed in the Standard of Review *supra*, this Court reviews the district ruling on judgment on the pleadings *de novo*. In the present matter the Jesinoskis closed on the mortgage obligation on February 23, 2007, and exercised their right to rescind by mail exactly three years later on February 23, 2010. In analyzing a

15

statute, courts are required to begin with its plain language. *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-254 (1992).

15 U.S.C. § 1635 *et seq*, entitled "Right of Recission as to Certain Transactions", is the statutory basis for TILA recission, and 15 U.S.C §1635(f) entitled "Time limit for exercise of right" provides as follows:

> An obligor's right to rescind shall expire three years after the date of consumption of the transaction or upon sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosure required under this part have not been delivered to the obligor, except that if, (1) any agency empowered to enforce the provisions of this subchapter institutes a proceeding to enforce the provisions of this section within three years of the consummation of the transaction, (2) such agency finds a violation of this section, and (3) the obligor's right to rescind is based in whole or in part on any matter involved in such proceeding, then the obligor's right of recission shall expire three years after the consummation of the transaction or upon the earlier sale of the property , or upon the expiration of one year following the conclusion of the proceeding, or any judicial review or period for judicial thereof, whichever is later.

While the language of 15 U.S.C. § 1635(f) adequately describes the time period for the exercise of recission, it says very little as how the right of recission is actually exercised. In a logical fashion, the

16

method and manner of recission by the consumer is provided in the text of 12 CFR 226.23(a)(2):

> To exercise the right to rescind, the consumer shall notify the creditor by mail, telegram, or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

Like statutes, a court's of analysis of a regulation begins with its' text, and the plain language of that text is usually depositive. *United States v. Ron Pairs, Enters.*, 489 U.S. 235 at 242. (1989) Although the methods for exercising recission are identical for either the unconditional right existing for three days following the transaction's closing or the extended right of recission due to the failure to make proper notices and disclosures, the subsequent paragraph of Regulation Z, 12 CFR § 226.23(a)(3) delineates the time period for exercise of each type of recission:

> The consumer may exercise the tight to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after

17

consummation, upon transfer of all the consumer's in the property, or upon sale of the property whichever occurs first. In the case of certain administrative proceedings, the recission period shall be extended in accordance with section 125(f) of the Act.

While the preceding sections of 12 CFR § 226.23(a) indicate the consumer's timely exercise of recission is effective upon mailing, telegram or facsimile, and the notice of recission must be eventually delivered to the creditor, the *Official Staff Commentary* to 12 CFR §226.23(a)(1) describes the relationship between the exercise of recission by the consumer and the creditor's response to same.

*Official Staff Commentary* §226.23(a)(2) provides in pertinent part:

> The consumer must exercise the right of recission in writing but not necessarily on the notice supplied under §226.23(b). Whatever the means of sending the notification of recission--mail, telegram or other written means—the time period for the creditor's performance under §226.23 (d)(2) does not begin to run until the notification has been received.

The district court found-and the Defendants did not dispute-that the Jesinoskis closed their mortgage on February 23, 2007 or that they exercised their right to rescind via mail on February 23, 2010. In addition, BAC's letter of March 12, 2010 refusing to rescind the Jesinoskis' mortgage is an obvious admission of their receipt of

18

their notice of recission. Applying the plain language of 15 U.S.C. 1635§ (f), 12 CFR § 226.23(a) and the *Official Staff Commentary* thereto to the above facts, it appears that the Jesinoskis' exercise of recission was timely. For more than thirty years, the United Supreme Court has advised the courts in most instances to accept Regulation Z and defer to the Federal Reserve Board's Congressional mandate to interpret Regulation Z. *See Anderson Bros. Ford v. Valencia*, 452 U.S. 205 at 209 (stating absent some repugnance to the statute, the…regulation implementing [TILA] should be accepted by the courts)(1980) *and Ford Credit Union v. Milhollin*, 444 U.S. 555 at 558 (stating FRB's interpretation is entitled to deference unless "irrational")(1980). Although notice of TILA rescission can given via commencement of a lawsuit, the authority for this *method* of providing notice of rescission to the creditor is a subsequent creature of case law unsupported by the plain language of TILA, Regulation Z or the Federal Reserve Boards' *Official Staff Commentary. See Pulphus v. Sullivan*, 2003 Dist. LEXIS 7080 (N.D. Ill. Apr. 28 2003)(Plaintiff need not file notice of rescission prior to filing suit), *McIntosh v. Irwin Union Bank & Trust Co.*, 21 FRD 8083 (D. Mass 2003)(same) *But see Marschner v. RJR*

19

*Financial Services, Inc.*, 382 F. Supp. 2d. 918 (E.D. Mich. 2005) (filing of rescission complaint not adequate notice to lender). Consequently, the simultaneous notice of recission and filing of suit is an alternative *method* of exercising recission *independent* of Reg. Z.

A number of courts adhering to TILA's statutory language rather than subsequent judicial interpretations thereof have reached an identical conclusion. Recently, the Fourth Circuit in *Gilbert v. Residential Funding LLC*, 678 F.3d 371 (4th Cir. 2012) considered whether a TILA recission claim was timely when the consumers had given notice of recission within three years of the loan's closing and filed suit within a year of the creditors' refusal to rescind, the court succinctly held in its analysis:

> Taking the plain meaning of these texts and assuming that the words mean what they say and say what they mean, we come to the conclusion that the Gilberts exercised their right to rescind with their April 5, 2009 letter. Simply stated, neither 15 U.S.C. § 1635(f) nor regulation Z says anything about the filing of a lawsuit and we refuse to graft such a requirement upon them.

*Gilbert*, 678 F.3d 271 at 277. Like the consumers in *Gilbert*, the Jesinoksis exercised their right to rescind by letter within three

20

years and filed suit within one year of the creditor's refusal to rescind more than three years after the loan's closing. Prior to the *Gilbert* decision, a numbers of other court have declined to dismiss consumer's recission claims on these same facts. *See Cocroft v. HSBC Bank N.A.*, 2012 WL 1378645 at *5 (N.D. Ill. April 20, 2012); *Barnes v. Chase Home Finance, LLC*, 2011 WL 495000111 at *10 (D. Or. October 18, 2011); *Tacheny v. M&I Marshall and Ilsley Bank*, 2011 WL 1657877 (D. Minn. April 29, 2011*); Stewart v. BAC Home Loans Servicing LP*, 2011 WL 862938 at *6. *LaBelle v. America Brokers Conduit*, 2011 WL 291950 at *4 (D. Minn. January 27, 2011); *Briosos v. Wells Fargo Bank*, 737 F. Supp. 2d1018 (N.D. Cal. 2010); *In re Hunter*, 451 BR at 651 at 659 (Bankr. Court, N.D. Ill. 2009).

To be sure, there is ample negative authority on the other side of the present schism as to whether filing suit in three years is necessary for TILA recission. Contrary to the decisions of the *LaBelle* and *Tacheny* courts, the Jesinoski court followed the lead of the courts in *Gerahty* and *Sobieniak* for the third time following prior deicision in *Dietz* and *Beaukes*. Factually, the four cases cited

21

by the District court in its present action shared the same material facts. In addition, these cases shared a virtually identical analysis of 15 U.S.C. § 1635(f) appropriated from the United States Supreme Court's ruling in *Beach v. Ocwen*, 523 U.S. 410 (1998) combined with the term of art "statute of repose" derived from *Miguel v. Country Funding Corp*, 309 F.3d 1161. (9th Cir. 2002). Significantly, there was no citation or analysis of Regulation Z let alone its *Official Staff Commentary* by the district court in Jesinoski or any of the other cases it relied upon in its decision. *See Beaukes v. GMAC Mortgage*, LLC, 2012 WL 1204635 at *2 (D. Minn. April 11th, 2012); *Dietz v. Beneficial Loan and Thrift Co.*, 2011 WL 6739504 at *3-4 (D. Minn. December 22, 2011). *Sobieniak v. BAC Home Loans Servicing, LP*, 2011 Westlaw 6122318 at *4-5 (D. Minn. December 8, 2011) (dismissing rescission claim after conversion to summary judgment); *Geraghty v. BAC Home Loans Servicing, LP*, 2011 Westlaw 3920248 at *3.(D. Minn. September 7th, 2011)(dismissing rescission claim, but allowing damages for failure to rescind).

However, the Jesinoskis' courts reliance on *Beach* and *Miquel*

Appellate Case: 12-2202     Page: 29     Date Filed: 07/12/2012 Entry ID: 3931332

was inapposite and misplaced because the facts in those case was factually distinguishable for the present matter. The Beaches failed in *Beach* to make any attempt to exercise their right of recission within three years of the consummation of the disputed consumer credit transactions in question in the respective cases. *See Beach*, 523 U.S. 410 at 411-412. As the Beaches did not rescind within three years, their right to do so expired pursuant to 15 U.S.C. § 1635(f) As the creditor's statutory duty to acknowledge rescission was not triggered, the consumers were not entitled to damages or to bring an action to enforce a potential rescission action *See* 15 U.S.C. § 1635(b), 15 U.S.C. § 1640(a) and 15 U.S.C. § 1640(e). The United States Supreme Court's analysis of TILA rescission in *Beach* focused almost exclusively on 15 U.S.C. § 1635(f) because the consumers' failure to timely exercise the wholly statutory recission remedy rendered further statutory analysis unnecessary. The Court articulated this particular point:

> 1635(f), however, takes beyond any question whether it limits more than the time for bringing a suit, by governing the life of the underlying right as well.... It talks not of a suit's commencement, but of a right's duration, which it addresses in terms so straightforward as to render any limitation on the time for seeking a remedy superfluous.

Appellate Case: 12-2202    Page: 30    Date Filed: 07/12/2012 Entry ID: 3931332

523 U.S. 410 at 417.While the *Beach* court seems to state the exercise of TILA recission must precede the commencement of an action to enforce recission, but the exercise of recission itself does not require filing suit. *See Gilbert* v. *v. Residential Funding LLC*, 678 F.3d 271 at 278 (4th Cir. 2012). As the consumers in *Beach* did not attempt to exercise recission within three years of the mortgage loan's consummation, the Court's holding is entirely consistent with the plain language of 1635(f), and not an expansion of it.

*Beach* itself is completely silent as to what happens when a consumer rescinds within three years of a subject mortgage loan's consummation, but does not bring suit to enforce the rescission within the three period to exercise rescission. *Sobieniak*, 2011 WL 6122318 at *4. Consequently, as the Jesinoskis timely exercised their right of recission within three years of their mortgage loan's consummation, *Beach* is inapposite to the present matter.

In a similar fashion, *Miguel v. Country Funding Corp*, 309 F.3d 1161 (9th Cir. 2002) is as inapposite as *Beach* to the present matter because Mrs. Miguel did not send a rescission notice within three years of her loan's consummation. *Miquel* at 1162-1163. However,

24

*Miguel* is useful in distinguishing both its own material facts as well as those of *Beach* from the material facts of the present matter.

The crucial difference was succinctly stated by the *Miguel* court:

> Because Miguel did not attempt to rescind against the proper entity within the three-year limitation period, her right to rescind expired.

*Miguel* at 1165.

The *Miguel* court also expressly distinguished its decision from cases where the consumer had timely exercised recission:

> While Miguel is correct that 15 U.S.C. § 1640(e) provides the borrower one year from the refusal of cancellation to file suit, that is not the issue before us.

*Id.* Again, as the consumer failed to timely exercise her right to rescind, the Ninth Circuit's holding in *Miguel* is not in conflict with the plain language of 15 USC § 1635(f), but utterly consistent with it.

Ironically, the various federal Circuit Courts of Appeal who recently disposed of the respective consumers' TILA recission claims on appeal in reliance that 15 U.S.C. 1635(f) is a so-called statute of repose arrived at the correct conclusion via the wrong analysis. *See Rosenfeld v. HSBC Bank*, 681 F.3d 1172 (10th Cir. 2012); *McOmie Gray v. Bank of America Home Loans*, 667 F.3d 1325 (9th Cir. 2012);

*Williams v. Wells Fargo Mortg. Inc*, 410 Fed. Appdx 495 (3rd Cir.2011). In all three cases, the consumer exercised within three years of the respective loan's consummation, but did not commence a action to enforce TILA recission until after the lender's refusal to rescind the transaction. However, all of these consumers commenced their subsequent more than a year after the lender's refusal. Consequently, the consumer's claims were indeed time barred, but because they failed to timely file suit pursuant to

15 U.S.C. 1640(e) and rather than any failure to timely exercise recission pursuant to 15 U.S.C. 1635(f).

In a similar fashion, many district courts including the Jesinoski court have erroneously sought to expand the holdings in *Beach* and *Miguel* far beyond their respective material facts to case where the consumer have timely exercised their right to TILA recission. In doing so, these courts have ignored both the creditor's duty to respond to a consumers notice of recission pursuant to 15 U.S.C. 1635(b).

## 2. Receipt of Notice of Recission Triggers the Duty to Perform Pursuant to 15 U.S.C §1635(b)

26

The exercise of recission by a consumer shifts the performance from the consumer to the creditor or assignee. Upon receipt of the notice of recission, the creditor has twenty days to respond. 15 U.S.C. § 1635(b) states:

> When an obligor exercises his right to rescind under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor. If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it. The procedures prescribed by this subsection shall apply except when otherwise ordered by a court. TILA Recission Is Effective Upon Notice of Recission.

Assuming a valid basis for the extended right to rescind and the timely exercise of that right by the consumer, TILA recission is

27

effective upon notice. 12 CFR § 226.23 (d)1-4 provides

(d) Effects of rescission.

(1) When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.
(2) Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.
(3) If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section. When the creditor has complied with that paragraph, the consumer shall tender the money or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value. At the consumer's option, tender of property may be made at the location of the property or at the consumer's residence. Tender of money must be made at the creditor's designated place of business. If the creditor does not take possession of the money or property within 20 calendar days after the consumer's tender, the consumer may keep it without further obligation.
(4) The procedures outlined in paragraphs (d) (2) and (3) of this section may be modified by court order.

If anything, the *Official Staff Commentary* 226.23 underscores

essentially the same point far more concisely:

1.Termination of security interest Any security interest giving rise to the right of recission becomes void when

28

> the consumer exercises the right of recission. The security interest is automatically negated regardless of its status and whether or not it was recorded or perfected. Under § 226.23(d)(2), however, the creditor must take any action necessary to reflect the facts that the security interest no longer exists.

Following recission by the consumer, TILA and its enabling Regulation Z specify three sequential steps which must be followed. The first is automatic termination of the security interest and cancellation of consumer's liability to pay finance or other charges. 15 U.S.C. 1635(b); Reg Z § 226.23(d)(1). The second is the creditor's obligation to return money or property and reflect the termination of the security interest. 15 U.S.C. 1635(b); Reg Z § 226.23(d)(2). The third step is the consumer's tender of the remaining proceeds. 15 U.S.C. 1635(b); Reg Z § 226.23(d)(3).

In the present matter, the Jesinoskis gave notice of their recission, but Defendants-Appellees refused to return any money or property from the transaction or take any steps to reflect the termination of the security interest. As noted above, upon notice of recission, the security instrument is rendered void by operation of federal law. *See Official Staff Commentary* §§226.23(d)-1-1. On March 12, 2011, BAC flatly refused in writing to acknowledge

Appellate Case: 12-2202    Page: 36    Date Filed: 07/12/2012 Entry ID: 3931332

Plaintiff's recission. Although Bank of America had notice of an impending lawsuit by Plaintiffs to enforce recission, it elected to utterly ignore the TILA recission claim rather than file a declaratory judgment action to seek a declaration that Plaintiffs were not entitled to TILA recission; and incurred liability arising from its failure to acknowledge pursuant to 15 U.S.C. §1640(a). More importantly, when BAC refused to acknowledge the Jesinoskis' recission on March12. 2010, it shifted the burden of statutory performance back to Jesinoskis to file suit within one year to enforce their recission which they did on February 24, 2010. Although TILA recission is designed to be private and self enforcing, it is rare in the extreme when a creditor or assignee consents to do so or seek a preemptory declaratory that a consumer is not entitled to TILA recission. When TILA recission is contested, it must be completed and enforced via court action. *See Velaquez v. HomeAmerican Credit, Inc.*, 254 F. Supp. 1043, 1046(N.D. Ill. 2003). The Jesinoskis have timely exercised their right to rescind and timely filed suit to enforce it. The plain language of TILA, Reg. Z, and the *Official Staff Commentary* thereto allows for no alternative interpretation. Consequently, the court's order for judgment for

pleadings should be reversed and remanded for further litigation including a determination of the Appellees' potential liability for damages arising from the Jesinoskis' recission claim pursuant to 15 U.S.C. § 1640(a) and Minn. Stat. §§58.13 and 8.31.

## Conclusion

The Jesinoskis respectfully request that the district court's judgment on the pleadings be reversed and remanded for further litigation including the determination of any liability for damages arising from the TILA recission claim consistent with plain language of TILA, Regulation Z, and the *Official Staff Commentary* thereto. Any other interpretation would effectively rewrite TILA's plain language, abrogate creditor's obligations and liability contrary to Congressional intent, and radically truncate the remedies available to consumers.

Dated:  July 9th, 2011                     Respectfully Submitted By

                                           Keogh Law Office

                                           /s/Michael J Keogh
                                           Michael J. Keogh
                                           P.O. Box 11297
                                           St. Paul, Minnesota 55111
                                           Telephone (612) 644-2861
                                           keoghlawmn@gmail.com
                                           ***Attorney(s) for Appellants***

Appellate Case: 12-2202     Page: 38     Date Filed: 07/12/2012 Entry ID: 3931332

## CERTIFICATE OF COMPLIANCE WITH RULE 32(A)(7) AND LOCAL RULE 28(A)(h)(2)

I certify this brief complies with this brief contains 6581 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), and that this brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Word 2007 in 14 point Bookman Old Style. I further certify that the brief has been scanned for viruses and the brief is virus-free.

Dated: July 10th, 2011    Respectfully Submitted By

Keogh Law Office

/s/Michael J Keogh
Michael J. Keogh
P.O. Box 11297
St. Paul, Minnesota 55111
Telephone (612) 644-2861
keoghlawmn@gmail.com
**Attorney(s) for Appellants**

## Certificate of Service

I certify that the Appellants' Brief was served upon Bank of Americas and its various subsidiaries and Mortgage Electronic Registration Systems, Inc through its attorneys of record, Andre T. Hanson, Ronn B Kreps, Sparrowleaf Dilts McGregor; Andrew B. Messite; Fulbright and Jaworski LLP 80 S 8th Street Ste 2100 Minneapolis, MN 55402 on July 10th, 2012 via the 8th Circuit Court of Appeals ECF system, and all participants in this case are registered ECF users.

Dated:  July 10th, 2011                Respectfully Submitted By

                                      Keogh Law Office

                                   <u>/s/Michael J Keogh</u>
                                   Michael J. Keogh
                                   P.O. Box 11297
                                   St. Paul, Minnesota 55111
                                   Telephone (612) 644-2861
                                   keoghlawmn@gmail.com
                                   ***Attorney(s) for Appellants***