**12-2202**

# In the United States Court of Appeals for the Eighth Circuit

———————————————

LARRY D. JESINOSKI and CHERYLE JESINOSKI,

*Appellants,*

v.

COUNTRYWIDE HOME LOANS, INC., et al.,

*Appellees.*

———————————————

**On Appeal From The United States District Court
For The District Of Minnesota (St. Paul)**

———————————————

**REPLY BRIEF**

———————————————

MICHAEL J. KEOGH
KEOGH LAW OFFICE
P.O. Box 11297
St. Paul, MN 55111
Phone: 612-644-2861
Fax: 612-354-2533
E-mail: keoghlawmn@gmail.com

i

TABLE OF CONTENTS

Page

Introduction ......................................................................... 1

THE JESINOSKIS RECISSION CLAIM IS TIMELY ................ 2

Conclusion ........................................................................... 16

CERTIFICATE OF COMPLIANCE WITH RULE 32(A)(7) AND LOCAL RULE 28(A)(h)(2)

Certificate of Service

## TABLE OF AUTHORITIES

Page

CASES

*Beach v. Ocwen*, 523 U.S. 410 (1998)..............................*passim*

*Belini v. Washington Mut. Bank*, 412 F.3d 17 (1st Cir. 2005).....13

*Cocroft v. HSBC Bank NA*, Case No. 10 C 3408, 2012 WL 1378645 (N.D. Ill. April 20, 2012) ................................11, 12

*Conn. Nat'l Bank v. Germain*, 503 U.S. 249 (1992)...................15

*Doss v. Clearwater Title*, 551 F.3d 634 (7th Cir. 2008)........5, 6, 7

*Frazile v. EMC Corp.* 382 Fed. Appx. 833 (11th Cir. 2010).........13

Geraghty v. BAC Home Loans Servicing LP, Case No. 11-336, 2011 WL 3920248 .....................................................14

*In re Bestrom*, 114 F.3d 741 (8th Cir. 1997)...............................8

*LaBelle v. American Brokers Conduit*, Case No. 10-2858, 2011 WL 291950 .........................................................13, 14

*McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1125 (9th Cir. 2012) ......................................................8, 9, 10, 11

*Rosenfeld v. HSBC*, 681 F.3d 1172 (10th Cir. 2012)..........8, 9, 10

*Tacheny v. M&I Marshall and Ilsey Bank*, Case No. 10-2067, 2011 WL 1657877 ..................................................14

Tadehara v. Ace Securities Corp., Case No. 11-4176, 2012 U.S. App. LEXIS 13672 (10th Cir. July 5th, 2012)..............7, 8

*United States v. Ron Pairs, Enters.*, 489 U.S. 235 (1989) ..........15

*Velaquez v. HomeAmerican Credit, Inc.*, 254 F. Supp. 1043 (N.D. Ill. 2003) ....................................................................3

*Williams v. Wells Fargo Home Mortg. Inc.*, 410 Fed. Appx. 495 (3rd Cir. 2011) ....................................................8, 9, 10

Appellate Case: 12-2202    Page: 3    Date Filed: 08/29/2012 Entry ID: 3947915

# TABLE OF AUTHORITIES – Continued

Page

STATUTES AND REGULATIONS

15 U.S.C. § 1602(x)........................................................................8

15 U.S.C. 1635..............................................................................9

15 U.S.C §1635 *et seq* ................................................................15

15 U.S.C. §1635(a).................................................................. 12, 15

15 U.S.C. §1635(b) ......................................... 2, 3, 10, 12, 15

15 U.S.C. § 1635(e)(1) ..................................................................8

15 U.S.C. § 1635(f) .........................................................*passim*

15 U.S.C. §1635(g).................................................................3, 14

15 U.S.C. §1640(a)................................................................3, 14

15 U.S.C. §1640(a)(2)(A)(iv) .........................................................3

15 U.S.C §1640(e).........................................................................3

Reg. Z §226.17(a)..........................................................................4

Reg. Z §226.23 *et seq*................................................................15

Reg. Z §§226.23(a)(1)-(3) ............................................................2

Reg Z § 226.23(a)(2) ..................................................................15

Reg. Z §226.23(d).......................................................................12

Reg Z § 226.23(f)(1)......................................................................8

OTHER AUTHORITIES

*Official Staff Commentary* 226.2(a)(24) .....................................8

## Introduction

Plaintiffs-Appellants Larry and Cheryle Jesinoski submit the following reply to Defendants-Appellees Bank of America ("BANA") and Mortgage Electronic Registration Systems, Inc. ("MERS")(collectively "BANA/MERS". In less than two years, a split of authority has emerged between several Circuit Courts of Appeal concerning exactly how long a consumer has to commence suit for TILA recission.  This split currently prevents a consistent rule of law with respect to the time period to commence action enforce TILA recission. Besides being federal in nature, TILA's singular recission remedy is also the most potent of the legal remedies available to homeowners who have given a security interest in their primary residence in exchange for a mortgage loan absent timely and accurate disclosure of its costs or their recission rights. Consequently, the articulation of a uniform rule by the federal courts defining the limitation of time to commence to enforce TILA recission extends beyond the rights of a given plaintiff to constitute a matter of public interest.

1

## THE JESINOSKIS RECISSION CLAIM IS TIMELY

An analysis of BANA and MERS's argument interpreting 15 U.S.C. § 1635(f) reveals an essential confusion of two separate issues within TILA recission's "self enforcing" statutory frame work. The crux of their ultimately flawed agreement is their agreement with the district court that §1635(f) controls *both* the time period to *exercise* TILA recission and the time to commence a lawsuit to acknowledge the notice of recission.

However, this is only the proper rule of law when the consumer, as in *Beach v. Ocwen*, fails to exercise TILA recission by written notice via mail, telegraphic transmission or some other method such as commencement of a lawsuit within three years of the mortgage loan's consummation. *See* 15 U.S.C. § 1635(f) *and* Reg. Z §§226.23(a)(1)-(3). Exercise of recission is effective upon mailing or transmission and upon receipt for any other method. *See* App. Brief at 28-30. Otherwise, the receipt of a timely notice of recission triggers the statutory duty to perform by the lender within twenty days. *See* 15 U.S.C. §1635(b) *See also* App. Brief at 34-37.

2

Failure to acknowledge recission is a violation of TILA as are subsequent acts contrary thereto giving rise to statutory damages. *See* 15 U.S.C. §1640(a)(2)(A)(iv). Failure to perform or respond by a lender within time period mandated by 15 U.S.C. §1635(b) creates the right to bring suit to enforce recission and for statutory and actual damages and costs pursuant to 15 U.S.C. §1640(a). As the first violation in the usual TILA recission action is the failure to rescind, the consumer ordinarily has a year to commence a legal action from the earlier of the lender's refusal to acknowledge recissiom or failure to respond. *See* 15 U.S.C. §1635(g) *and* 15 U.S.C §1640(e) As the maximum statutory damages solely for failure to rescind is relatively nominal and lenders are cognizant that a disputed recission must be enforced by court action, there is far more economic incentive for lenders to wait for consumers to file than comply with TILA. *See* 15 U.S.C. §1640(a)(2)(A)(iv) *and Velaquez v. HomeAmerican Credit, Inc.*, 254 F. Supp. 1043, 1046(N.D. Ill. 2003).

Although the district court assumed for the purposes of the motion on the pleadings the Jesinoski had a basis for the recission

3

remedy, BANA inexplicably argues that the fact BANA retained one signed copy of the TIL disclosure and Notice of Right to Cancel in its loan file- as evinced by punch holes in the exhibits entered into evidence- is somehow probative of whether both Mr. and Mrs. Jesinoski each received a set of disclosures in a form they could retain. *See* Exhibit 1 of Declaration of Andre Hanson in Support of Memo In Support of Mot. For J. on the Pleadings (October 28, 2011)[Dkt 16]. *See also* Reg. Z §226.17(a)(mandating that disclosures must be given in a form the consumer can retain). Next, BANA acknowledges receipt of the Jesinoskis' Notice of Recission, but fails to acknowledge that act had any legal effect or that the plain language of TILA and Reg. Z do not permit a creditor to deny a notice of recission. *See* App. Brief 29-30.

In a predictable fashion,  BANA/MERS' argument proceeds to invoke the United States Supreme Court's decision in *Beach v. Ocwen* for the proposition that § 1635(f) somehow acts as a jurisdictional bar to TILA recission claim after three years of a mortgage loan consummation. Some four years ago, the Seventh Circuit in a reversal and remand of a district court's dismissal of

4

TILA recission action rejected a lender's argument based on the holding of *Beach* that § 1635(f) deprives a district court of subject matter jurisdiction three years after a disputed mortgage loan's consummation commented, "The Ocwen opinion contains not a word about the subject matter jurisdiction of the district court." and added, "There is nothing jurisdictional about § 1635(f) statute of repose…it is merely a precondition to a substantive right to relief. *See Doss v. Clearwater Title*, 551 F.3d 634 at 638-639 (7th Cir. 2008). In addition, BANA/MERS mischaracterizes the Jesinosinki's argument as an attempt to *procedurally* distinguish *Beach*. While *Beach* is indeed procedurally distinguishable from the present matter, it is also, crucially, *distinguishable in its material facts*. Indeed, the first sentence of *Beach* provides:

> Petitioners David and Linda Beach refinanced their Florida house in 1986 with a loan from Great Western Bank. In 1991, they stopped making mortgage payments, and in 1992 Great Western began this foreclosure proceeding. Respondent bank was thereafter substituted as the plaintiff. The Beaches acknowledge their default, but raised affirmative defensive defenses, alleging, inter alia, that the bank's failure to make disclosures required by the Truth in Lending Act gave them the right to rescind the mortgage agreement.

Appellate Case: 12-2202    Page: 9    Date Filed: 08/29/2012 Entry ID: 3947915

*Beach v. Ocwen*, 523 U.S. 410 (1998). While the Beachs attempted to attempt TILA recission as a defense to foreclosure action rather than as a independent action, *they made no attempt whatsoever to exercise TILA recission within three years of their loan's consummation in 1986 pursuant to 15 U.S.C. 1635 (f)*. Moreover, the *Beach* court also noted, "The Beaches concede that any right they may have had to institute an independent proceeding for recission under §1635.." *Beach*, 523 U.S. 410 at 415. In stark contrast to the Mr. and Mrs. Beach, the Jesinoskis did exercise recission within three years of their loan's consummation, and did not concede their right to bring an action to enforce that recission.

However, BANA/MERS does not mention the material facts on which the *Beach* court based its analysis. Rather, in a prolix fashion, BANA's offers nearly a page of citiations from *Beach* describing how 15 U.S.C. § 1635(f) provides that the right to rescind expires after three years. Given the Beaches did not attempt to exercise TILA recission, defensively or otherwise, until *five* years after the loan's origination, the Supreme Court's holding that their right to rescind expired is not a revelation. In the words of the *Doss*

6

court, "It represents only an example of a case in which a claim is doomed to fail on the merits." *Doss*, 551 F.2d 634 at 638. Simply articulated, BANA/MERS invites this Court via its argument to expand the holding in *Beach* to TILA recission where consumers have timely exercised recission within the three year period mandated by 15 U.S.C. § 1635 (f).

Foreseeably, the basis for BANA/MERS argument rests on seven cases from the District of Minnesota; four appellate cases from the 3rd, 9th, and 10th circuits decided in the past year, and other cases culled primarily from various district courts in the 3rd, 9th and 10th Circuits.

Aside the cases from the District of Minnesota, the overwhelming majority of BANA/MERS's cure authority is factually and legally distinguishable from the present matter.

For example, in the *Tadehara* case, the Tenth Circuit affirmed dismissal of pro se Appellants' TILA recission claim. See Tadehara v. Ace Securities Corp., Case No. 11-4176, 2012 U.S. App. LEXIS 13672 at *7. (10th Cir. July 5th, 2012) However, the mortgage loan in dispute was a purchase money transaction used to acquire title

7

to real property rather than refinance existing debt which is a "residential mortgage transaction" within the argot of TILA. *See* 15 U.S.C. § 1602(x) (defining same). Such transactions are not subject to the TILA recission remedy. *See* 15 U.S.C. § 1635(e)(1); Reg Z § 226.23(f)(1); *Official Staff Commentary* 226.2(a)(24). *See also In re Bestrom*, 114 F.3d 741 (8th Cir. 1997). However, when confronted with a mortgage loan which could not possibly rescinded under TILA, the district court in *Tadehara* dismissed the Plaintiff's nonexistent TILA recission remedy relying on *Beach.* Since the Tadeharas never had the right to rescind in the first place, the Tenth Circuit had summarily affirmed the district court's dismissal.

BANA/MERS do not explain how dismissal of TILA recission concerning a non-rescindable mortgage constitutes valid authority for their argument in this case.

Beside *Tadehara* and *Beach*, BANA cites the remaining appellate decisions, *Rosenfeld, McOmie-Gray, and Williams* as their most apposite cases all of which arguably apply Beach's holding beyond its material facts. *See Rosenfeld v. HSBC*, 681 F.3d 1172.(10th Cir. 2012), *McOmie-Gray v. Bank of Am. Home Loans,*

Appellate Case: 12-2202    Page: 12    Date Filed: 08/29/2012 Entry ID: 3947915

667 F.3d 1125 (9th Cir. 2012); *Williams v. Wells Fargo Home Mortg. Inc.*, 410 Fed. Appx. 495 (3rd Cir. 2011). Like the present matter, the consumers in all three cases gave timely notice of recission which the respective lenders refused to respond or acknowledge TILA recission. Unlike the Jesinoskis, however, the consumers in these cases all failed to file suit within one year of the Defendant's failure acknowledge TILA recission. *See Rosenfeld,* 681 F.3d 1172(suit to enforce recission filed fourteen months after HSBC's failure to respond), *McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1125 (suit to enforce recission filed approximately seventeen months after Bank of America's refusal to rescind); *Williams v. Wells Fargo Home Mortg. Inc.*, 410 Fed. Appx. 495 (suit to enforce recission filed twenty-one months after Well Fargo's failure to respond). BANA/MERS argue that there is no language in any of these three decisions that indicate the passage of time after the three year period contemplated by 15 U.S.C. 1635 is over makes any difference to a lawsuit to enforce recission filed after this period. This absence is easily explained.

9

All three courts expand the Supreme Court's analysis in *Beach*, where the consumer did not attempt to exercise TILA within three years, to the facts of their respective cases wherein all of the consumer did, in fact, exercise recission within three years pursuant to 15 U.S.C. U.S.C. § 1635(f). As the Beaches did not timely exercise recission, the creditor's duty to perform pursuant to 15 U.S.C. § 1635(b) never arose accordingly the Supreme Court's analysis began and ended with 15 U.S.C. § 1635(f). As the 10th, 9th, and 3rd Circuits in *Rosenfeld. McOmie-Gray* and *Williams* all appropriated the Supreme Court's analysis in *Beach*, they all failed to analyze the respective lenders' duty to perform pursuant to 15 U.S.C. §1635(b) because there is no such analysis exists in *Beach*. While 15 U.SC. §1635(f) determines the time period for the exercise recission, the *method* of exercising recission is defined by Regulation Z. Tellingly, the *Rosenfeld* and *Williams* courts simply accepted the lenders' implied argument, identical to BANA/MER's, that commencement of a lawsuit is only method of recission absent any analysis of Reg. Z. whatsoever. The Ninth Circuit in *McOmie-Gray* did, however, analyze Reg. Z with respect to TILA recission ultimately affirming the dismissal of the TILA recission claim.

10

However, in the recent case of *Cocroft v. HSBC Bank NA*, Case No. 10 C 3408, 2012 WL 1378645 (N.D. Ill. April 20, 2012), the United States District Court for the Northern District of Illinois declined to dismiss a TILA recission claim where the consumers sent a notice within three years, but filed suit to enforce that recission more than three years thereafter. In the process of declining to follow *McOmie-Gray*, the *Cocroft* court thoroughly analyzed the Ninth Circuit's holding in that case:

> Defendants argue that this Court should adopt the reasoning of The Ninth Circuit in *McOmie-Gray v. Bank of Am. Home Loans*, 687 F.3d 1325 (9th Cir. 2012) which appears to be the only published federal appellate decision addressing the issue. In that case, the court held even though the plaintiff had properly notified the lender of her decision to rescind the loan within three years, the three year limit on the recission right barred her enforcement suit which she filed more than three years after the closing of the loan. The court drew a distinction between the plaintiff's notice of recission and the actual recission, but it did not note any other steps that the plaintiff would have to take when faced with a recalcitrant lender. *Id.* at 327. The Court respectfully disagrees. TILA and its regulations clearly provide that a borrower need only provide notice of recission to the lender "[t]o exercise the right to rescind." 12 C.F.R. §226.23(a)(2); *see* 15 U.S.C. §1635(a).

> Furthermore, the court in *McOmie-Gray* appears to have ruled as it did because it considered itself bound by an earlier Ninth Circuit decision. *See McOmie-Gray*,

11

> 667 F.3d at1329. In that case, *Miguel v. Country Funding Corp.*, 309 F.3d 1161 (9th Cir. 2002), the borrowers initially sent the recission notice to the wrong party. Id, at 1162-1163. The borrowers did not provide notice to the proper party and did not file suit until more than three years after the loan closing. In addition, there was no evidence to show that the actual holder of the mortgage was aware of the recission before the three year period had expired. *Id.* at 1163. The court concluded that the recission was not effective because the creditor did not receive notice during the three year period. *Id.* at 1165. The present situation, where defendants do not they were unaware of plaintiff's decision to rescind, is distinguishable.

*Cocroft*, 2012 WL 137845 at *3. As suggested by the *Cocroft* court, the courts have been divided into one group relying nearly exclusively on Beach for the proposition that TILA can only exercised by filing suit to do so within three of the disputed loan's closing. The other group adhering to the plain language of TILA and Regulation Z maintain that a consumer need only gave written notice of recission, and file suit to enforce that recission within a year of the lender's refusal to acknowledge or respond to that notice.

Simply stated, the salient issue in the present case is BANA/MERS's abject refusal of March 12, 2010 to comply with 15 U.S.C. §§1635(a) and (b) and Reg. Z §226.23(d) following timely

12

receipt of a written recission notice and the Jesinoskis' timely filing of the present case prior to the one year limit pursuant to 15 U.S.C 1640(e) expired. *See e.g. Frazile v. EMC Corp.* 382 Fed. Appx. 833, 839 (11th Cir. 2010)( holding the one year limitations period for §1635(b) claims runs from twenty days after the plaintiff gives notice of recission); *Belini v. Washington Mut. Bank*, 412 F.3d 17 (same)( 1st Cir. 2005)

Of the nine courts from the district of Minnesota to consider the present issue in 2011, three interpretations have emerged. Seven cases adopted *Beach's* analysis of which five (*Sobieniak, Keiran, Jesinoski, Beukes, and Peterson*) have been appealed. Contrary to the BANA/MERS argument, Chief Judge Michael Davis in *LaBelle v. American Brokers Conduit*, Case No. 10-2858, 2011 WL 291950, cited Reg. Z § 226.23(a)(3) to note "the right to rescind shall expire three years after consummation, upon transfer of all the consumer's interest in the property or upon sale of the property whichever occurs first" and "Plaintiff's notice of recission was sent June 13, 2009 within three years of the transaction." In determining that the LaBelles' written notice of recission complied

Appellate Case: 12-2202    Page: 17    Date Filed: 08/29/2012 Entry ID: 3947915

with 15 U.S.C 1635(f). *See LaBelle*, 2011 WL 291950 at *2.

Similarly, in *Tacheny v. M&I Marshall and Ilsey Bank*, Case No. 10-2067, 2011 WL 1657877, Judge Patrick J Schiltz declined to dismiss both the consumers' claim for recission and damages arising therefrom the failure to rescind. *See Tacheny*, 2011 WL 1657877 at *4-5. Ironically, while the court in Geraghty v. BAC Home Loans Servicing LP, Case No. 11-336, 2011 WL 3920248 was the first chronologically to adopt the *Beach* holding in the District of Minnesota, it is also the only court holding a consumer can recover statutory damages from lender for a failure to acknowledge TILA recission while simultaneously ruling the consumer are not entitled to the TILA remedy. *See Geraghty,* 2011 WL 3920248 at *2, 7. Given that 15 U.S.C. § 1635(g) and 15 U.S.C. §1640(a) expressly provide that the recovery of damages is available in a recission action, the converse would logically also be true.

It would seem that district courts are not authorized to ignore the plain language of TILA or Regulation Z or revise their respective statutory and regulatory text via judicial interpretation. In fact, the United Supreme Court has expressly instructed courts to begin

14

analysis of statutory text with its plain language. *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-254 (1992). The Supreme Court issued essentially the same instructions to court with respect to analysis of regulatory text. *United States v. Ron Pairs, Enters.*, 489 U.S. 235 at 242. (1989) Applying the Supreme Court's methodology for the analysis of statutory and regulatory text, §§§1635(a)(b) and (f) do not appear ambiguous in the least. Moreover, the plain language of Reg Z § 226.23(a)(2) and does not appear in any way to mention commencement of a lawsuit as method of the exercise at all let alone the exclusive method. While judicial minds may differ, the plain language of 15 U.S.C §1635 *et seq* and Reg. Z §226.23 *et seq* do not seem susceptible to interpretation. However, what makes BANA/MERS's argument so persuasive is that it permits some courts to dispose of a TILA claim with only a single paragraph of a section of a federal statute comprised of sixty-seven sections and a single case albeit a United State Supreme Court case. However, those courts who have thoroughly analyzed the material facts of TILA recission action on point with the present matter in light of 15 U.S.C. § 1635 et seq and Reg. § 226.23 et seq have held the TILA recission remedy survives three years after the disputed loan's

15

closing provided the consumer gives written notice of recission within that same three year period. In doing so, these courts have not only avoided conflict with not only the plain language of TILA and Regulation Z, but the Congressional intent which engendered and United States Supreme Court precedent.

## Conclusion

The Jesinoskis respectfully respect that this Court fashion a rule of law defining the time period to commence action to enforce TILA recission consistent with plain language of TILA, Regulation Z, and the *Official Staff Commentary* thereto. In accord with their request, the Jesinoskis specifically request that the district court's judgment on the pleadings be reversed and remanded for further litigation including the determination of any liability for damages arising from the TILA recission claim.

Dated: August 28th, 2011            Respectfully Submitted By

Keogh Law Office

/s/Michael J Keogh
Michael J. Keogh
P.O. Box 11297
St. Paul, Minnesota 55111
Telephone (612) 644-2861
keoghlawmn@gmail.com
**Attorney(s) for Appellants**

16

## CERTIFICATE OF COMPLIANCE WITH RULE 32(A)(7) AND LOCAL RULE 28(A)(h)(2)

I certify this brief complies with this brief contains 3428 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), and that this brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Word 2007 in 14 point Bookman Old Style. I further certify that the brief has been scanned for viruses and the brief is virus-free.

Dated: August 28nd, 2012        Respectfully Submitted By

Keogh Law Office

/s/Michael J Keogh
Michael J. Keogh
P.O. Box 11297
St. Paul, Minnesota 55111
Telephone (612) 644-2861
keoghlawmn@gmail.com
**Attorney(s) for Appellants**

## Certificate of Service

I certify that the Appellants' Brief  was served upon Bank of Americas and its various subsidiaries and Mortgage Electronic Registration Systems, Inc through its attorneys of record, Andre T. Hanson, Ronn B Kreps, Sparrowleaf Dilts McGregor;  Andrew B. Messite; Fulbright and Jaworski LLP 80 S 8th Street Ste 2100 Minneapolis, MN 55402 on July 10th, 2012 via the 8th Circuit Court of Appeals ECF system, and all participants in this case are registered ECF users.

Dated:  August 28, 2012                    Respectfully Submitted By

                                          Keogh Law Office

                                           /s/Michael J Keogh
                                          Michael J. Keogh
                                          P.O. Box 11297
                                          St. Paul, Minnesota 55111
                                          Telephone (612) 644-2861
                                          keoghlawmn@gmail.com
                                          **Attorney(s) for Appellants**