# In the
# United States Court of Appeals
## for the Eighth Circuit

LARRY D. JESINOSKI and CHERYLE JESINOSKI, individuals,

*Plaintiffs-Appellants,*

v.

COUNTRYWIDE HOME LOANS, INC.,
subsidiary of BANK OF AMERICA N.A., doing business as
AMERICA'S WHOLESALE LENDER;
BAC HOME LOANS SERVICING, LP, a subsidiary of
BANK OF AMERICA, N.A., a Texas Limited Partnership,
formerly known as COUNTRYWIDE HOME LOANS SERVICING, L.P.;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
a Delaware Corporation; and JOHN and JANE DOES 1-10,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the District of Minnesota, Minneapolis, No. 0:11-cv-00474-DWF.
The Honorable **Donovan W. Frank**, Judge Presiding.

## PETITION FOR REHEARING *EN BANC*

MICHAEL J. KEOGH
KEOGH LAW OFFICE
P.O. Box 11297
Saint Paul, Minnesota 55104
Tel: (612) 644-2861
Fax: (612) 354-2533

*Attorney for Appellants*
*Larry D. Jesinoski and Cheryle Jesinoski*



# **<u>TABLE OF CONTENTS</u>**

STATEMENT PURSUANT TO FED. R. APP. P. 35(b)(1) .....................1

STATEMENT OF THE CASE ..........................................................4

ARGUMENT ...................................................................................5

    I.    The Panel Decision Conflicts  With Supreme Court
          Precedent and Abrogates Multiple Sections of
          15 U.S.C. § 1635.............................................................5

    II.   The Panel Decision Conflicts With Longstanding
          8th Circuit Precedent Regarding the Interpretation
          of TILA.......................................................................12

CONCLUSION ...............................................................................15

# <u>TABLE OF AUTHORITIES</u>

*Anderson Bros. Ford v. Valencia,*
    452 U.S. 205 (1980) ............................................................ 2, 5-6

*Beach v. Ocwen,*
    523 U.S. 410 (1998) ................................................................ 10

*Doss v. Clearwater Title,*
    551 F.3d 634 (7th Cir. 2008) .................................................... 3

*Ford Credit Union v. Milhollin,*
    444 U.S. 555 (1980) ........................................................ *passim*

*Gill v. Mid-Penn Consumer Discount Co.,*
    571 F. Supp. 1021 (E.D. PA 1987),
    *aff'd mem.,* 853 F.2d 917 (3rd Cir. 1988) .................................... 7

*Gilbert v. v. Residential Funding LLC,*
    678 F.3d 271(4th Cir. 2012) ..................................................... 2

*Griffin v. Superior Ford,*
    577 F. 2d 455 (8th Cir. 1978) ............................................... 2, 15

*Hartman v. Smith,*
    2013 WL 4407058 (8th Cir. August 19, 2013) ......................... 1, 3

*Keiran v. Home Capital, Inc,*
    720 F.3d 721(8th Cir. 2013) .............................................. *passim*

*McCutcheon v. Amer. Ser. Co.,*
    560 F.3d 143 (3rd Cir. 2009) .................................................. 11

*McOmie Gray v. Bank of America Home Loans,*
    667 F.3d 1325 (9th Cir. 2012) ........................................... *passim*

*Miguel v. Country Funding Corp,*
    309 F.3d 1161 (9th Cir. 2002) ................................................. 10

*Rand Corp v. Yer Song Moua,*
   559 F. 3d 842 (8th Cir. 2009) ......................................................2

*Rosenfeld v. HSBC Bank USA,*
   681 F.3d 1172 (10th Cir. 2012) .........................................*passim*

*Semar v. Platte Valley Fed. Sav. & Loan Ass'n,*
   791 F.2d 699 (9th Cir. 1986) ......................................................7

*Sherzer v. Homestar Mortgage Services,*
   707 F.3d 255 (3rd Cir. 2013) ......................................................2

**<u>Statutes, Rules & Regulations</u>:**

Ark. Code Ann. §18-50-101-116 (2010) ........................................14

Fed. R. Civ. P. 12(a)(1)(A)(i) ..............................................................9

Iowa Code § 654.1-654.26 (2010) .................................................14

Minn. Stat. 580............................................................................14

Minn. Stat. 581............................................................................14

Mo. Rev. Stat. § 443.290-433(2010) .............................................14

N.D. Cent. Code § 32-19-01-41(2010)...........................................14

Neb. Rev. Stat. §76-1005-1018......................................................14

S.D. Codified Laws §21-48-1-16 ...................................................14

12 C.F.R. § 226.23(a)(2) ................................................................5

15 U.S.C. § 1602(u)......................................................................12

15 U.S.C. 1635(a)..................................................................*passim*

15 U.S.C. § 1635(b) ................................................................*passim*

15 U.S.C. § 1635(f) ................................................................*passim*

15 U.S.C. §1635(i) .........................................................................11

15 U.S.C. § 1638(a) .......................................................................13

15 U.S.C. § 1640(a) .........................................................................8

15 U.S.C. § 1640(e) ...................................................................8, 10

Reg. Z § 223(b) ...............................................................................13

Reg. Z § 226.17(d) .........................................................................13

Reg. Z § 226.23 ..............................................................................13

Reg Z § 226.23(d)(1) ....................................................................6, 7

Reg Z § 226.23(d)(2) ........................................................................7

Reg Z § 226.23(d)(3) ........................................................................7

## **Other Authority**:

*Can't Get No Satisfaction? Revising How Courts Rescind*
*Home Equity Loans Under The Truth In Lending Act,*
   77 Temp. L. Rev. 457 at 463-467 ........................................... 7-8

## STATEMENT PURSUANT TO FED. R. APP. P. 35(b)(1)

Appellants submit this Petition for Rehearing En Banc under Rule 35 of the Federal Rules of Appellate Procedure.

A panel of this court affirmed the district court's grant of judgment on the pleadings in favor of the lender in this case, holding that a party seeking to rescind a loan under 15 U.S.C. §1635(a) must file suit within three years of consummating the loan. Although the panel felt bound by the decision of a prior panel in *Keiran v. Home Capital, Inc*, 720 F.3d 721, 726-29 (8th Cir. 2013)(adopting the Tenth's Circuit rule in *Rosenfeld v. HSBC Bank USA*, 681 F.3d 1172 (10th Circuit 2012)); *see also Hartman v. Smith*, 2013 WL 4407058 at *7-8 (8th Cir. August 19th, 2013) (following *Keiran*), two members of the panel below wrote concurring opinions expressing their belief that the prior panel decision was wrong.

Appellants Larry and Cheryle Jesinoski ("the Jesinoskis") petition this Court to rehear the case *en banc,* pursuant to Fed. R. App. P. 35. The Jesinoskis respectfully submit that *Kieran,* and by proxy this decision, is contrary to the following decisions of the United Supreme Court and this Court, and that *en banc* review is

1

necessary to maintain decisional uniformity: *See Ford Credit Union v. Milhollin* 444 U.S. 555 (1980); *Anderson Bros. Ford v. Valencia,* 452 U.S. 205 (1981); *Rand Corp v. Yer Song Moua,* 559 F. 3d 842 (8th Cir. 2009)*; Griffin v. Superior Ford,* 577 F. 2d 455 (8th Cir. 1978).

The Jesinoskis also submit that this case raises a question of exceptional importance as it exacerbates an existing split among the Courts of Appeals. Although the Truth in Lending Act ("TILA") was enacted in 1968, a controversy has only recently arisen among the circuits concerning whether the exercise of TILA recission requires written notice, or commencement of a legal action. In accord with TILA's Regulation Z (Reg. Z) and its *Official Staff Commentary*, the Third and Fourth Circuits have held that delivery of written notice is sufficient to exercise TILA rescission. *Sherzer v. Homestar Mortgage Services,* 707 F.3d 255 (3rd Cir. 2013); *Gilbert v. v. Residential Funding LLC*, 678 F.3d 271(4th Cir. 2012). Conversely, relying almost exclusively on *Beach v. Ocwen*, 523 U.S. 410 (1998), the Ninth and Tenth Circuits have held that commencement of lawsuit within the three year period specified by 15 U.S.C. 1635(f) is the exclusive method of exercising TILA rescission rights. *McOmie-*

2

*Gray v. Bank of America Home Loans*, 667 F.3d 1325 (9th Cir. 2012); *Rosenfeld v. HSBC Bank*, 681 F.3d 1172 (10th Cir. 2012)[1]

Roughly two months ago, the 8th Circuit in a split decision joined the 9th and 10th Circuits in holding that a lawsuit is required for exercise of right of rescission under the TILA. In accord with plain language of TILA and Regulation Z, a spirited dissent by circuit Judge Murphy opined that only a timely notice is necessary to exercise the right of rescission. While the *Hartman* panel followed *Keiran*, circuit Judge Melloy in his concurrence stated if he were not bound by the *Keiran* decision, he would rule that timely written notice is sufficient to exercise the right of rescission. In the present matter, the panel also felt bound by the *Keiran* decision, but both Judge Melloy and Judge Colloton stated in their separate concurrences that if the question were open in the 8th Circuit, they would each rule that timely written notice suffices to exercise the right of rescission, and therefore reverse and remand.

---

[1] In addition, the 7th Circuit appears to have rejected an argument similar to that adopted by the 9th and 10th Circuits in *Doss v. Clearwater Title*, 551 F.3d 634 (7th Cir. 2008).

3

## STATEMENT OF THE CASE

On February 23, 2010, the Jesinoskis exercised their right to rescind by sending Notices of Rescission to America's Wholesale Lender, Bank of America, and MERS via certified mail. On March 12, 2010 Bank of America refused to acknowledge rescission and neither MERS nor America's Wholesale Lender responded to the Notice of Rescission. On February 24, 2011, within one year of Bank of America's refusal to accede to the rescission, the Jesinoskis commenced suit in the United State District Court for the District of Minnesota. Following a joint stipulation for an extension of time for Bank of America and MERS to answer, the Jesinoskis amended their Complaint on July 22, 2011. On August 22, 2011, Defendant Bank of America and MERS answered and subsequently brought a motion for judgment on the pleadings. On April 19, 2012, the district court granted judgment on the pleadings in favor of Bank of America and MERS on all counts. The Jesinoksis appealed, and oral argument was heard on December 11th, 2012. On September 10th, 2013, a panel of this Court affirmed the district court due to the intervening decision in *Keiran* on a case of first impression.

4

**ARGUMENT**

I. **The Panel Decision Conflicts With Supreme Court Precedent and Abrogates Multiple Sections of 15 U.S.C. § 1635.**

Sections 1635(a) and (b) of the TILA explicitly address both how the right of rescission is exercised and when the rights and corresponding obligations flowing from that right are incurred by the parties to the loan. Section 1635(a) provides that "the obligor shall have the right to rescind the transaction … *by notifying* the creditor, in accordance with regulations of the Bureau, of his intention to do so." 15 U.S.C. § 1635(a) (emphasis added). Reg. Z, in turn, specifies that the obligor must notify his lender "by mail, telegram, or other means of written communication." 12 C.F.R. § 226.23(a)(2). Neither § 1635(a) nor Reg. Z states that the obligor must also file suit; both refer exclusively to written notification as the means by which an obligor exercises his right of rescission.

In the early 1980s, the Supreme Court decided two TILA cases which directed courts to defer both to the language of Reg. Z and *Official Staff Commentary* thereto. *See Ford Credit Union v. Milhollin*, 444 U.S. 555, (stating that the Federal Reserve Board's interpretation is entitled to deference unless "irrational") *Anderson*

5

*Bros. Ford v. Valencia*, 452 U.S. 205, 209 (stating absent some repugnance to the statute, the...regulation implementing [TILA] should be accepted by the courts.) Prior to the creation of the Consumer Finance Protection Bureau, the Congressional mandate to interpret TILA was the province of the Federal Reserve Board. As the panel in *Keiran* held that commencement of a lawsuit was the *exclusive method* of exercising TILA recission, *Keiran* conflicts with the text of the TILA and Reg. Z and the *Official Staff Commentary* concerning the exercise of rescission.  By not deferring to the regulatory interpretation of TILA, the decision also conflicts with the Supreme Court's decisions in *Anderson* and *Ford*. Moreover, the holding in *Keiran* like that *McOmie-Gray* and *Rosenfeld* abrogates multiple sections of 15 U.S.C. §1635. Consequently, a concise summary of TILA rescission remedy is necessary to fully appreciate the repercussions of these respective decisions.

Following recission by the consumer, TILA and its enabling Reg. Z specify three sequential steps which must be followed. The first is automatic termination of the security interest and cancellation of a consumer's liability to pay finance or other charges. 15 U.S.C. § 1635(b); Reg Z § 226.23(d)(1). The second is

6

the creditor's obligation to return money or property, and reflect the termination of the security interest. 15 U.S.C. § 1635(b); Reg. Z § 226.23(d)(2). The third step is the consumer's tender of the remaining proceeds. 15 U.S.C. § 1635(b); Reg. Z § 226.23(d)(3).

The first step following recission has two automatic consequences. The first consequence of this step is the invalidation of the creditor's security interest, irrespective of whether the creditor makes any affirmative response. *See Official Staff Commentary* §§226.23(d)-1-1.; *Gill v. Mid-Penn Consumer Discount Co.,* 571 F. Supp. 1021, 1026 (E.D. PA 1987), *aff'd mem.,* 853 F.2d 917 (3rd Cir. 1988). The second automatic consequence is that the consumer's liability to pay "any finance or other charge" is canceled by operation of law. 15 U.S.C. § l635(b); Reg. Z §226.23(d)(1). This prong of step one has specifically been held immune from courts' equitable modification authority. *Semar v. Platte Valley Fed. Sav. & Loan Ass'n,* 791 F.2d 699, 705-06 (9th Cir. 1986). In contrast, historically, some courts have modified the second and third steps of 15 U.S.C. § 1635(b) to varying degrees. *See generally CAN'T GET NO SATISFACTION? REVISING HOW COURTS RESCIND HOME*

7

*EQUITY LOANS UNDER THE TRUTH IN LENDING ACT*, 77 Temp. L. Rev. 457 at 463-467. *See also Id.* at Part I D. p. 467-477.

The identical steps for recission are followed irrespective of whether TILA recission is worked out between the lender and consumer inside or outside of court. While both damages and recission are potentially available in a TILA recission, they are treated separately. If a consumer commences a lawsuit to enforce TILA recission more than a year after the consummation of the loan, damages may no longer be available for the TILA violations which extended the right of recission from three days to three years. *See* 15 U.S.C. § 1640(e). In most TILA recission cases, the lender has no liability for *damages* until it refuses to accede to the consumer's notice of recission. *See* 15 U.S.C. §§ 1635(b) and 15 U.S.C. 1640(a). As TILA's statutory damages are nominal compared to the cost of a  foreclosure action let alone federal litigation, lenders ordinarily refuse to comply with notice of recission due to an absence of economic incentive to do so and TILA's mandatory attorney fee provisions upon proof of violation. *See* 1640(a) *et seq*. Consequently, it is far more cost effective for lenders to wait and see if the consumer actually files suit to within a year of a lender's

Appellate Case: 12-2202   Page: 13   Date Filed: 09/24/2013 Entry ID: 4079103

refusal to accept or answer a notice of recission than it does to comply with TILA.

The holding in *Keiran* and its brethren, *Rosenfeld* and *McOmie-Gray,* reduces lenders' already modest incentive for compliance with TILA. These cases radically abrogate, if not eliminate, a lender's duty to respond within twenty days of receipt of a notice of recission under 15 U.S.C. § 1635(b) by holding a consumer may exercise TILA recission exclusively by commencing suit within the period contemplated by 15 U.S.C. § 1635(f). Superficially, *Keiran, Rosenfeld, and McOmie-Gray* appear to replace the twenty day period to respond under § 1635(b) with the twenty-one day period to answer, pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i). However, a lender's time to respond to a notice of recission may now be extended to period of months procedurally via the Federal Rules of Civil Procedure or its state analogues. Oddly, there is no analysis of the lenders' duty to notice of recission under § 1635(b) in *Keiran*, *Rosenfeld*, or *McOmie-Gray*. This absence is easily explained. The panel in *Keiran* adopted the legal analysis of the 10th Circuit in *Rosenfeld*. In turn, both the 9th Circuit in *McOmie-Gray* and the 10th Circuit in *Rosenfeld* adopted a composite argument consisting of

9

the legal analysis of the Supreme Court in *Beach v. Ocwen*, 523

U.S. 410 (1998), and the characterization of 15 U.S.C. § 1635(f) as

"a statute of repose" appropriated from *Miguel v. Country Funding*

*Corp*, 309 F.3d 1161. (9th Cir. 2002). However, neither the

consumers in *Beach* nor the consumer in *Miguel* attempted to

exercise their right of recission within three years of their respective

loans. Consequently, the Supreme Court's analysis in *Beach* began

and ended with 15 U.S.C. § 1635(f) because the lender's duty to

respond pursuant to 15 U.S.C. §1635(b), never arose.  In contrast,

the consumers in *McOmie-Gray* and *Rosenfeld* gave timely written

notice of recission, but failed to file suit within one year of the

lender's refusal to acknowledge recission pursuant to 15 U.S.C. §

1640(e). Thus, *McOmie-Gray* and *Rosenfeld* constitute a deliberate

expansion of *Beach's* statutory analysis far beyond its material facts

on the basis of two time-barred cases doomed to fail on the merits.

*Keiran* and the present matter are also distinguishable in their

respective material facts, in that the consumers gave written notice

of recission within three years of their loans' consummation, *and*

commenced suit to enforce recission within a year of the respective

lenders' failure to acknowledge recission. Belying the core flaw in

10

their common statutory analysis, no analysis of 15 U.S.C. § 1635(b) exists in *Keiran*, *Rosenfeld,* or *McOmie-Gray* precisely because no such analysis exists in *Beach*.

In addition, the panels in *Keiran*, *Rosenfeld* and *McOmie-Gray,* are all silent as to whether consumers must now also give written notice of recission prior to exercising recission by commencing a legal action. However, it is certain that future litigants who commence TILA recission actions in the 8th, 9th, or 10th Circuits, without giving prior notice of recission, will face assertions of inadequate notice, lack of standing, or lack of ripeness. If so, these holdings also abrogate 15 U.S.C. § 1635(f) by reducing a consumer's to exercise recission to much less than three years. This is particularly true if the consumer's basis for TILA is either of the *additional* recission rights, pursuant to 15 U.S.C. § 1635(i), *et seq.,* triggered solely by the lender's commencement of foreclosure within the three-year period under § 1635(f). *See e.g. McCutcheon v. Amer. Ser. Co.*, 560 F.3d 143 3rd Cir. 2009). In asserting that commencement of a lawsuit is the exclusive method of exercising TILA recission, the *Keiran* panel abrogates  15 U.S.C. §§1635(a), (b), (f), and (i). The present panel erred by following the *Keiran* panel

11

rather than the Supreme Court's holdings in *Ford Motor* and

*Anderson* by both failing to defer to the *Official Staff Commentary*,

or accept Reg. Z, in that written notice alone to sufficient to exercise

TILA recission.

## II. The Panel Decision Conflicts With Longstanding 8th Circuit Precedent Regarding the Interpretation of TILA.

More than thirty years ago, this Court held that TILA was to be

broadly construed in favor of consumers. Four years ago, this Court

once again stated TILA was to be broadly construed in favor of the

consumer. Yet, the panel in *Keiran* broadly construed TILA in favor

of lenders on the basis of a rather generic argument of TILA

recission potentially "clouding title" on the consumer's prinicipal

dwelling. However, upon more focused analysis, it is manifest that

such title concerns by lenders are already adequately protected by

the TILA and state law.

As a preliminary matter, it is essential to note the extended

recission remedy in TILA arises solely from the creditor's failure

to adequately or accurate disclose the cost of the consumer credit

transaction. *See* 15 U.S.C. § 1602(u) (defining material disclosures),

15 U.S.C. § 1635(a) (requiring clear and conspicuous disclosure of

12

TILA disclosure statement and notices of recission to each consumer), 15 U.S.C. § 1638(a) (requiring accurate material disclosures to each consumer), *and* Reg. Z § 226.17(d), Reg. Z § 223(b), Reg. Z § 226.23 n. 48. If a consumer who has not defaulted on their mortgage loan brings a TILA recission action, no title issue exists because title remains vested in the consumer. More typically, if the consumer is in default, any unexercised TILA recission right is extinguished by a sale of the property. *See* 15 U.S.C. § 1635(a). Consequently, if the consumer conveys title to the lender directly ("deed in lieu") or a third party ("short sale") to satisfy a mortgage loan without first exercising TILA recission, the lender or third party will take title to property unencumbered by any TILA related title claim. Of course, absent prior exercise of TILA recission, a valid foreclosure sale will extinguish the consumer's TILA claim and their title interest. As a TILA recission action clouds title to the consumer's property no more than any other title dispute involving real property, the *Keiran* panel's concern regarding title uncertainties is novel indeed.

The manner in which *Keiran* construes TILA in favor of lenders is most apparent in the interplay between TILA recission and

13

foreclosure. In most instances, a consumer's right to rescind under TILA expires at most three years after their loan's consummation. However, if a consumer defaults on their loan within the period specified by 15 U.S.C. § 1635(f), a lender may further reduce the time for exercise of recission by commencing a foreclosure proceeding. The foreclosure laws of the various states can be divided into judicial foreclosure and non-judicial foreclosure proceedings. Judicial foreclosure requires commencement of a civil action. *See e.g.* Minn. Stat. § 581, *et seq.* Conversely, non-judicial foreclosure requires compliance with state statutory schemes without judicial involvement. *See e.g.* Minn. Stat. § 580, *et seq.* In the 8th Circuit, non-judicial foreclosure is typical in five states, and judicial foreclosure is required for most mortgages in two states. *See* Ark. Code Ann. §§ 18-50-101-116 (2010); Minn. Stat. § 580 *et seq (2010)*; Mo. Rev. Stat. §§ 443.290-433(2010); Neb. Rev. Stat. §§ 76-1005-1018; S.D. Codified Laws §§ 21-48-1-16 (non-judicial foreclosure); *See also* Iowa Code §§ 654.1-654.26 (2010); N.D. Cent. Code §§ 32-19-01-41(2010) (judicial foreclosure). Prior to the *Keiran* panel, consumers in foreclosure in these state could exercise recission and preserve their TILA recission by giving written notice

14

of recission, pursuant to Reg. Z, to the creditor and assignees prior to the foreclosure sale. In light of *Keiran*, consumers must now commence a lawsuit to exercise TILA recission prior to the foreclosure sale. In states favoring non-judicial foreclosure, consumers will be obliged to file suit to exercise TILA *and* enjoin or invalidate the pending foreclosure. In states requiring judicial foreclosure, a consumer seeking TILA recission will need to assert it as a counterclaim to avoid waiver or seek removal of the action to the United States District Court in which their property is located. In contrast, lenders will now *not* be obliged to respond to a consumer's notice of recission until required to do so by the Federal Rules of Civil Procedure or its state analogues. By following the *Keiran* panel, rather than the holdings of the 8th Circuit in *Griffin* and *Moua*, the panel erred by construing TILA in favor of lenders rather than consumers.

## CONCLUSION

For the foregoing reasons, this Court should rehear this appeal *en banc*, reverse the district court, and remand for further proceedings.

15

Dated:  September 23rd, 2013                    Respectfully Submitted By:

Keogh Law Office

/s/Michael J Keogh

Michael J. Keogh
(#0286515)
P.O. Box 11297
St. Paul, Minnesota 55111
Telephone (612) 644-2861
***Attorney(s) for Appellants***

16

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 24, 2013, an electronic copy of the Appellants' Petition for Rehearing *En Banc* was filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. The undersigned also certifies that the following participant in this case is a registered CM/ECF user and that service of the Petition will be accomplished by the CM/ECF system:

Ron B. Kreps
Sparrowleaf Dilts McGregor
Andre Timothy McCoy Hanson
FULBRIGHT & JAWORSKI
2100 IDS Center
80 S. Eighth Street
Minneapolis, MN 55402-2112

The following participant is not ECF registered. On September 24, 2013, one copy of Appellants' Petition for Rehearing *En Banc* was mailed to the following non-ECF registered attorney:

Andrew Brooks Messite
REED & SMITH
599 Lexington Avenue
29th Floor
New York, New York 10022

/s/Michael J Keogh

17